UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

JOHN GARLAND, VINCENT A. BOTTALICO, TIMOTHY A. HETON, JOSEPH BEVILACQUA, JOSEPH CICERO, JOSEPH COLUMBIA, ANDREW COSTELLO, JAMES DANIEL DALY III, VINCENT DEFONTE, KENNETH DEFOREST, SALVATORE DEPAOLA, BRIAN DOYLE, NATHAN EVANS, CHRISTOPHER FILOCAMO, KEVIN GARVEY, CHARLES GUARNEIRI, DANIEL J. OSHEA, MARGOT LOTH, MICHAEL LYNCH, DENNIS O'KEEFFE, BRIAN PATRICK SMITH, KURT PFLUMM, CHRISTOPHER RAIMONDI, PAUL SCHWEIT, JOSEPH T. JOHNSON, DAVID BUTTON, PAUL PARR, MARK SINCLAIR, DANIEL BAUDILLE, JOHN DREHER, THOMAS OLSEN, GIUSEPPE ROBERT PENORO, MATTHEW CONNOR, NICHOLAS MULLIGAN, RANDALL SANTANA, ANTHONY PERRONE, SCOTT ETTINGER, ANTHONY MASTROPIETRO, RASHAAD TAYLOR, ANTHONY RUGGIERO, JOSEPH MURDOCCA, KEITH KLEIN, PAUL VASQUENZ, MARK HENESY, RYAN K. HALL, JUDE PIERRE, MICHELLE SANTIAGO, ROBERT DITRANI, BRIAN T. DENZLER, MICHAEL MCGOFF, on behalf of themselves and all other similarly situated employees of the New York City Fire Department,

Plaintiffs,

-against-

NEW YORK CITY FIRE DEPARTMENT, DANIEL A. NIGRO, in his official and individual capacities, JOHN DOE #1-10, in their official and individual capacities; and JANE DOE #1-10 in their official and individual capacities,

Defendants.

----------------------------------------------------------------------X

**INDEX NO. _______________**

**COMPLAINT**

**JURY TRIAL DEMANDED**

The Plaintiffs by their attorneys, The Scher Law Firm, LLP, alleges the following as their Complaint:

## I. PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff JOHN GARLAND ("Garland") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the New York City Fire Department ("FDNY").

2. The Plaintiff VINCENT A. BOTTALICO ("Bottalico") was and still is a natural person who resides in and is a domiciliary of the County of Putnam, State of New York and is employed as a lieutenant with the FDNY.

3. The Plaintiff TIMOTHY A. HETON ("Heton") was and still is a natural person who resides in and is a domiciliary of the County of New York, State of New York and is employed as a lieutenant with the FDNY.

4. The Plaintiff JOSEPH BEVILACQUA ("Bevilacqua") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

5. The Plaintiff JOSEPH CICERO ("Cicero") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

6. The Plaintiff JOSEPH COLUMBIA ("Columbia") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

7. The Plaintiff ANDREW COSTELLO ("Costello") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

8. The Plaintiff JAMES DANIEL DALY III ("Daly") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

9. The Plaintiff VINCENT DEFONTE ("Defonte") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

10. The Plaintiff KENNETH DEFOREST ("DeForest") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

11. The Plaintiff SALVATORE DEPAOLA ("DePaola") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

12. The Plaintiff BRIAN DOYLE ("Doyle") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

13. The Plaintiff NATHAN EVANS ("Evans") was and still is a natural person who resides in and is a domiciliary of the County of New York, State of New York and is employed as a lieutenant with the FDNY.

14. The Plaintiff CHRISTOPHER FILOCAMO ("Filocamo") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

15. The Plaintiff KEVIN GARVEY ("Garvey") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

16. The Plaintiff CHARLES GUARNEIRI ("Guarneiri") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

17. The Plaintiff DANIEL J. OSHEA ("OShea") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

18. The Plaintiff MARGOT LOTH ("Loth") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a paramedic with the FDNY.

19. The Plaintiff MICHAEL LYNCH ("Lynch") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a firefighter with the FDNY.

20. The Plaintiff DENNIS O'KEEFFE ("O'Keeffe") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

21. The Plaintiff BRIAN PATRICK SMITH ("Smith") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

22. The Plaintiff KURT PFLUMM ("Pflumm") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

23. The Plaintiff CHRISTOPHER RAIMONDI ("Raimondi") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a lieutenant with the FDNY.

24. The Plaintiff PAUL SCHWEIT ("Schweit") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

25. The Plaintiff JOSEPH T. JOHNSON ("Johnson") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a Captain with the FDNY.

26. The Plaintiff DAVID BUTTON ("Button") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

27. The Plaintiff PAUL PARR ("Parr") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a lieutenant with the FDNY.

28. The Plaintiff MARK SINCLAIR ("Sinclair") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

29. The Plaintiff DANIEL BAUDILLE ("Baudille") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a firefighter with the FDNY.

30. The Plaintiff JOHN DREHER ("Dreher") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

31. The Plaintiff THOMAS OLSEN ("Olsen") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a firefighter with the FDNY.

32. The Plaintiff GIUSEPPE ROBERT PENORO ("Penoro") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

33. The Plaintiff MATTHEW CONNOR ("Connor") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a lieutenant with the FDNY.

34. The Plaintiff NICHOLAS MULLIGAN ("Mulligan") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

35. The Plaintiff RANDALL SANTANA ("Santana") was and still is a natural person who resides in and is a domiciliary of the County of Bronx, State of New York and is employed as a firefighter with the FDNY.

36. The Plaintiff ANTHONY PERRONE ("Perrone") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

37. The Plaintiff SCOTT ETTINGER ("Ettinger") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a lieutenant with the FDNY.

38. The Plaintiff ANTHONY MASTROPIETRO ("Mastropietro") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

39. The Plaintiff RASHAAD TAYLOR ("Taylor") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a firefighter with the FDNY.

40. The Plaintiff ANTHONY RUGGIERO ("Ruggiero") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

41. The Plaintiff JOSEPH MURDOCCA ("Murdocca") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

42. The Plaintiff KEITH KLEIN ("Klein") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

43. The Plaintiff PAUL VASQUENZ ("Vasquenz") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

44. The Plaintiff MARK HENESY ("Henesy") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a lieutenant with the FDNY.

45. The Plaintiff RYAN K. HALL ("Hall") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

46. The Plaintiff JUDE PIERRE ("Pierre") was and still is a natural person who resides in and is a domiciliary of the State of New York and is employed as a firefighter with the FDNY.

47. The Plaintiff MICHELLE SANTIAGO ("Santiago") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a lieutenant with the FDNY.

48. The Plaintiff ROBERT DITRANI ("DiTrani") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a lieutenant with the FDNY.

49. The Plaintiff BRIAN T. DENZLER ("Denzler") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

50. The Plaintiff MICHAEL MCGOFF ("McGoff") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

51. The Defendant NEW YORK CITY FIRE DEPARTMENT ("FDNY") was and still is a municipal corporation duly organized under the laws of New York State with its principal place of business is located in the County of Kings, State of New York.

52. The Defendant DANIEL A. NIGRO ("Nigro") was and still is a natural person whose principal place of business is located in the County Kings, State of New York.

53. The Defendants JOHN DOE #1-10 ("John Doe") are unknown persons who have directly participated in, have knowledge of, and have had personal involvement in the deprivation of the Plaintiffs' constitutional rights.

54. The Defendants JANE DOE #1-10 ("Jane Doe") are unknown persons who have directly participated in, have knowledge of, and have had personal involvement in the deprivation of the Plaintiffs' constitutional rights.

55. This is a civil action seeking injunctive relief and declarative judgment relief to protect the Plaintiffs' constitutional rights to due process and property rights (U.S. Constitution, Fourteenth Amendment).

56. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

57. This Court has personal jurisdiction over the Defendants.

58. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(d), because, the Defendants have offices within this judicial district.

## II. FACTS

## A. Background

59. The FDNY is a State actor.

60. Nigro is the Commissioner of the FDNY.

61. The Plaintiffs have not taken a COVID-19 vaccine.

62. The Plaintiffs are:

(a) Officers (Bottalico, Heaton, Evans, Raimondi, Johnson, Parr, Connor, Ettinger, Henesy, DiTrani);

(b) Fire fighters (Garland, Bevilacqua, Cicero, Columbia, Costello, Daly, Defonte, DeForest, DePaola, Doyle, Filocamo, Garvey, Guarneiri, OShea, Lynch, O'Keeffe, Smith, Pflumm, Schweit, Button, Sinclair, Baudille, Dreher, Olsen, Penoro, Mulligan, Santana, Perrone, Mastropietro, Taylor, Ruggiero, Murdocca, Klein, Vasquenz, Hall, Pierre, Denzler, McGoff);

(c) Employees of the Emergency Medical Service (Loth, Santiago)

## B. Unconstitutional Acts By The Defendants

63. As a direct consequence of not taking a COVID-19 vaccine, on October 30, 2021, the Plaintiffs were told by the FDNY that they have been placed on a Leave Without Pay ("LWOP") and cannot report to work beginning at 9:00 am on November 1, 2021.

64. From on or about November 1, 2021 through the date of the Complaint, Garland, Heaton, Bevilacqua, Cicero, Columbia, Costello, Daly, Defonte, DeForest, DePaola, Doyle, Evans, Garvey, Guarneiri, OShea, Loth, Lynch, Smith, Pflumm, Raimondi, Schweit, Button, Parr, Sinclair, Dreher, Olsen, Connor, Mulligan, Santana, Ettinger, Taylor, Ruggiero, Murdocca, Klein, Henesy, Hall, Pierre, Santiago, Denzler, and McGoff remain on an unpaid status and unauthorized to enter FDNY's buildings to work.

65. Bottalico went on LWOP beginning on November 1, 2021, but returned to pay status on November 15, 2021. Filocamo began on LWOP on November 1, 2021 and returned to pay status on November 8, 2021. O'Keefe began on LWOP on November 1, 2021 and returned to pay status on November 17, 2021. Johnson went on LWOP beginning on November 1, 2021, but returned to pay status on November 9 2021. Baudille went on LWOP beginning on November 1, 2021, but returned to pay status on November 13, 2021. Penoro went on LWOP beginning on November 1, 2021, but returned to pay status on November 16, 2021. Mastoprietro went on LWOP beginning on November 1, 2021, but returned to pay status on November 16, 2021. Vasquenz went on LWOP beginning on November 1, 2021, but returned to pay status on November 18, 2021. DiTrani went on LWOP beginning on November 1, 2021, but returned to pay status on November 19, 2021.

66. The FDNY has suspended the Plaintiffs without pay without due process pursuant to N.Y.C. Administrative Code § 15-113.

67. The Plaintiffs individually possess a property-based, procedural due process right to their pay pursuant to the Fourteenth Amendment to the United States Constitution.

68. The FDNY's unilateral decision to suspend the Plaintiffs' pay violated the Plaintiffs' property-based, procedural due process right to their pay.

69. The Plaintiffs individually possess a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.

70. The FDNY's unilateral decision to suspend the Plaintiffs from their job without due process pursuant to N.Y.C. Administrative Code § 15-113 violated the Plaintiffs' procedural due process right to their jobs.

71. Nigro's unilateral decision to suspend the Plaintiffs from their job without due process pursuant to N.Y.C. Administrative Code § 15-113 violated the Plaintiffs' procedural due process right to their jobs.

72. The Plaintiffs' constitutional rights have been trampled on by the FDNY.

73. The Plaintiffs' constitutional rights have been trampled on by Nigro.

**C. Class Allegations**

74. FDNY's suspension of the Plaintiffs without pay without due process was pursuant to policies, customs, and/or practices of the FDNY.

75. Plaintiffs, on behalf of themselves and of the class of similarly situated persons, seek an Order declaring that the FDNY's unilateral decision to suspend the Plaintiffs without pay without due process was unconstitutional.

76. Plaintiffs, on behalf of themselves and of the class of similarly situated persons, seek an Order declaring that the FDNY's unilateral decision to suspend the Plaintiffs without pay without due process was illegal.

77. Plaintiffs bring this Action on their own behalf and on behalf of all persons similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(3). Plaintiffs seek a certification of a class defined as follows: All FDNY employees suspended without pay for not taking the COVID-19 vaccine who have a statutory or contractual right to charges and a hearing before the employee is disciplined or terminated.

78. Pursuant to Federal Rule of Civil Procedure 23(a), the members of the class are so numerous that joinder of all members is impractical. Plaintiffs do not know the exact number of class members. Plaintiffs are informed and believe, and thereupon allege that there are more than 100 persons in the class defined above.

79. Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiffs are informed and believe, and thereupon allege, that there are question of law and fact common to the class, including but not limited to:

(a) Whether a FDNY officer or member of the uniformed force possesses a property-based, procedural due process right to their pay pursuant to the Fourteenth Amendment to the United States Constitution;

(b) Whether a FDNY officer or member of the uniformed force possesses a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.;

80. Pursuant to Federal Rules of Civil Procedure 23(a), Plaintiffs' claims are typical of the class they seek to represent. The Plaintiffs have all been suspended without pay without due process. Plaintiffs have the same interests and have suffered the same type of injuries as the proposed class. Each proposed class member suffered actual damages as a result of the challenged conduct. Plaintiffs' claims arose because of the FDNY's policies, customs, and/or practices.

81. Pursuant to Federal Rules of Civil Procedure 23(a), Plaintiffs' claims are typical of the class they seek to represent. The Plaintiffs have all been suspended without pay without due process. Plaintiffs have the same interests and have suffered the same type of injuries as the proposed class. Each proposed class member suffered actual damages as a result of the challenged conduct. Plaintiffs' claims arose because of the FDNY's policies, customs, and/or practices.

82. Pursuant to Federal Rules of Civil Procedure 23(a), Plaintiffs' claims are typical of the class they seek to represent. The Plaintiffs have all been suspended without pay without due process. Plaintiffs have the same interests and have suffered the same type of injuries as the proposed class. Each proposed class member suffered actual damages as a result of the challenged conduct. Plaintiffs' claims arose because of the FDNY's policies, customs, and/or practices.

83. Plaintiffs' counsel has the resources, experience, and expertise to successfully prosecute this Action against Defendants. Counsel knows of no conflicts among members of the class, or between counsel and any members of the class.

84. Pursuant to Federal Rules of Civil Procedure 23(b)(3), upon certification, class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. If this action is certified as a class action, Plaintiffs contemplate that individual notice will be given to class members, at such last known address by first class mail, as well as notice by publication informing them of the following:

i. The pendency of the class action and the issues common to the class;

ii. The nature of the action;

iii. Their right to "opt-out" of the action within a given time, in which event they will not be bound by a decision rendered in the class action;

iv. Their right to "opt-out" to be represented by their own counsel and to enter an appearance in the case; otherwise they will be represented by the named class plaintiffs and their counsel; and

v. Their right, if they do not "opt-out" to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

## III. CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT

85. The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 84, as if fully set forth herein.

86. The Plaintiffs are officers or members of the uniformed force.

87. The Plaintiffs are employees that possess N.Y.C. Administrative Code § 15-113 rights.

88. The Plaintiffs have been suspended without pay without due process in accordance with their statutory rights.

89. There is an actual controversy over whether what the FDNY did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights.

90. The Plaintiffs request an Order declaring that what the FDNY did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights to due process and to their pay without due process

91. The Plaintiffs have no adequate remedy at law.

**AS AND FOR A SECOND CAUSE OF ACTION FOR PERMANENT INJUNCTION**

92. The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 91, as if fully set forth herein.

93. The Plaintiffs have a high likelihood of success on the merits because the Plaintiffs possess a property-based, procedural due process right to their pay pursuant to the Fourteenth Amendment to the United States Constitution.

94. The Plaintiffs have a high likelihood of success on the merits because the Plaintiffs possess a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.

95. The Plaintiffs have a high likelihood of success on the merits because the FDNY has violated their property-based, procedural due process right to their pay.

96. The Plaintiffs have a high likelihood of success on the because the FDNY has violated their property-based, procedural due process right to their pay.

97. The violation of the Plaintiffs' constitutional rights constitutes irreparable harm.

98. Without a permanent injunction, the Plaintiff will have no adequate remedy at law.

**AS AND FOR A THIRD CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST THE FDNY, NIGRO, JOHN DOE AND JANE DOE**

99. The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 98, as if fully set forth herein.

100. The FDNY subjected the Plaintiffs to the foregoing acts and omissions without due process of law in a violation of 42 U.S.C. § 1983 thereby depriving Plaintiffs of their rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution.

101. The FDNY through its actions, violated the Plaintiffs' due process rights guaranteed to the Plaintiffs by statute N.Y.C. Administrative Code § 15-113 under the Fourteenth Amendment of the United States Constitution.

102. The Plaintiffs were not provided the opportunity for a fair hearing prior to being deprived of a constitutionally protected property interest, namely their pay.

103. The FDNY was barred by statute and/or contract from suspending the Plaintiffs without pay without due process.

104. The Plaintiffs, as public employees, who can only be discharged for cause, have a constitutionally protected property interest in his job, and could not be suspended without pay without due process.

105. The FDNY has denied Plaintiff due process of law by not providing a hearing before an impartial hearing officer resulting in a wrongful, and unlawful leave of absence, and a termination of a constitutionally protected liberty or property interest.

106. The FDNY, Nigro, John Doe and Jane Doe, acting under color of law, and through their employees, servants, agents and designees, have engaged in a course of action and behavior rising to the level of a policy, custom, and condoned practice, which has deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws in violation of 42 U.S.C. § 1983. These actions were condoned, adopted and fostered by policy makers including but not limited to Nigro, John Doe and Jane Doe.

107. As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continue to suffer irreparable harm, loss of income, loss of other employment benefits, injury to reputation and good name, being subjected to scandalous claims and investigations and have suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damages to their reputation.

108. As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continues to suffer suspension, leave of absence, diminished employment, and have suffered and continues to suffer distress, humiliation, great expense, embarrassment and damage to their reputation.

109. As a result of the FDNY's acts, Plaintiffs suffered and are entitled to, damage sustained to date and continuing in a sum in excess of the jurisdictional limits of all State courts which might otherwise have jurisdiction and this court, costs and attorney's fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR DIRECT PARTICIPATION AND AIDING AND ABETTING IN VIOLATION OF 42 U.S.C. § 1983 AGAINST THE NIGRO, JOHN DOE AND JANE DOE**

110. The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 109, as if fully set forth herein.

111. Nigro, John Doe, and Jane Doe, individually and collectively did foster and encourage the FDNY to violate the Plaintiffs' constitutional rights.

112. Nigro, John Doe, and Jane Doe, individually and collectively, jointly and severally, violated the Plaintiffs' constitutional rights when they failed to stop the FDNY from suspending the Plaintiffs without pay without due process.

113. Nigro, John Doe, and Jane Doe, individually and collectively knew and had reason to know that the FDNY violated the Plaintiffs' constitutional rights when the FDNY suspended the Plaintiffs without pay without due process.

114. Nigro, John Doe, and Jane Doe, individually and collectively jointly and severally, did foster and encourage the FDNY to violate the Plaintiffs' constitutional rights by suspending the Plaintiffs without pay without due process.

115. Based on the foregoing, the Nigro, John Doe, and Jane Doe directly participated in and/or tacitly condoned the violation of the Plaintiffs' constitutional rights, violating 42 U.S.C.§ 1983.

**WHEREFORE,** the Plaintiffs demand judgment:

(1) on the First Cause of Action for a declaratory judgment, declaring that what the FDNY did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights to due process and to their pay without due process; and

(2) on the Second Cause of Action for a permanent injunction, enjoining the FDNY from violating the Plaintiffs' constitutional rights; and

(3) on the Third Cause of Action for violation of 42 U.S.C. § 1983 against the FDNY, Nigro, John Doe, and Jane Doe for violations of the Plaintiffs' Fourteenth Amendment constitutional rights, seeking compensation for damages sustained by the Plaintiffs to date and continuing in a sum to be determined at trial; and

(4) on the Fourth Cause of Action for violation of 42 U.S.C. § 1983 against Nigro, John Doe, and Jane Doe for direct participation in and aiding and abetting of the violation of the Plaintiffs' Fourteenth Amendment constitutional rights, seeking compensation for damages sustained by the Plaintiffs to date and continuing in a sum to be determined at trial; and

(5) on all causes of action, an award of attorneys' fees, and costs; and

(6) such other and further relief the Court deems just and fair.

Dated: Carle Place, New York
November 24, 2021

Austin Graff
THE SCHER LAW FIRM, LLP
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 746-5040