UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOHN GARLAND, *et al.*, on behalf of themselves
and all other similarly situated employees of the New
York City Fire Department,

                                     Plaintiffs,

        -against-

NEW YORK CITY FIRE DEPARTMENT,
DANIEL A. NIGRO, in his official and individual
capacities, JOHN DOE #1-10, in their official and
individual capacities; and JANE DOE #1-10 in their
official and individual capacities,

                                     Defendants.
---------------------------------------------------------------X

INDEX NO. _____

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

THE SCHER LAW FIRM, LLP
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 746-5040

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

POINT I.    STANDARD OF REVIEW FOR A PRELIMINARY INJUNCTION ............................................................................................. 2

POINT II.    FDNY IS VIOLATING THE PLAINTIFFS' PROPERTY-BASED PROCEDURAL DUE PROCESS CLAIM ............................................. 5

   A. Plaintiffs Have A Property Interest In Their Pay ................................................ 5

   B. Plaintiffs Have Not Received Constitutionally Adequate Process In The Course Of The Deprivation ........................................................................ 6

POINT III.    FDNY IS VIOLATING THE PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS ............................................................. 9

CONCLUSION ................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir 1985) ........................................................... 3

*Brewer v. W. Irondequoit Cent. Sch. Dist.*, 212 F.3d 738, 743-744 (2d Cir 2000) ......................................................................................................................................... 3

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ............................................. 9, 11

*Matter of D'Angelo v. Scoppetta*, 19 N.Y.3d 663, 668 (2012) ...................................................... 10

*Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir 1984) ............................................................... 8, 11

*Narumanchi v. Bd. of Trustees*, 850 F.2d 70, 72 (2d Cir 1988) .................................................. 6, 7

*O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir 2005) ................................................................ 5

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577 (2d Cir 1989) ............................................... 2, 3

*Tiernan v. Walsh*, 294 N.Y. 299, 304 (1945) ............................................................................... 10

*Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir 2019) ................................................................. 5, 8

*Velez v. Levy*, 401 F.3d 75, 85 (2d Cir 2005) ................................................................................. 5

*Waronker v. Hempstead Union Free Sch. Dist.*, 788 F.App'x 788, 793 (2d Cir. 2019) *cert. denied*, *Waronker v Hempstead Union Free Sch. Dist.*, 140 S.Ct 2669 (2020) .................................................................................................................. 5, 8

**Regulations**

New York City Administrative Code, at § 15-113 ..................................................................... 7, 9

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by the Plaintiffs and all others similarly situated in this Action in support of their Motion, on an emergency basis, for a Temporary Restraining Order and Preliminary Injunction, enjoining the Defendant NEW YORK CITY FIRE DEPARTMENT ("FDNY") from violating the Plaintiffs' property interests and due process constitutional rights.

Since November 1, 2021, the FDNY has placed its employees who have failed to take a COVID-19 vaccine on an unpaid status or a Leave Without Pay ("LWOP") without providing the Plaintiffs due process before denying them the benefits of their property interests in their continued employment, which they are entitled to receive either because they have a right to charges and a hearing pursuant to N.Y.C. Administrative Code § 15-113.

The FDNY's financial pressure and the duress it has imposed upon the Plaintiffs and those similarly situated violates the Plaintiffs' 14th Amendment rights to due process because they have a property interest in their pay.

The FDNY's regulations state that after 30 days of being on leave, a member must turn in his/her badge and their department issued identification. Since, the Plaintiffs leave commenced on November 1, 2021, the 30 days under the FDNY's regulations ends on December 1, 2021.

In addition, not only has the FDNY suspended the Plaintiffs without pay without due process and have essentially threatened to terminate their employment on December 1, 2021, but the FDNY has barred any employee who has not taken the COVID-19 vaccine who is eligible to take the Captain's test, scheduled for December 13, from taking the test. The test has not been given in several years.

The FDNY is coercing the Plaintiffs into kowtowing to the FDNY while the FDNY violates the Plaintiff's constitutional rights.

1

The FDNY cannot, constitutionally or statutorily terminate the Plaintiffs from their jobs without due process when the employees have a right to have charges proffered against them and have a hearing before discipline is imposed pursuant to N.Y.C. Administrative Code § 15-113.

The FDNY has violated the Plaintiffs' constitutional rights. As a result, the Plaintiffs are seeking a mandatory injunction to restore the Plaintiffs to payroll and enjoin the FDNY from disciplining the Plaintiffs without proffering charges as against each affected person individually, and holding a hearing as against each affected person individually during which each of the Plaintiffs and all those similarly situated can defend themselves before a neutral hearing officer.

The FDNY has used the withholding of the Plaintiffs' pay (in violation of their constitutional rights) to put undue duress, pressure, and coercion upon them, which is wrongful. The FDNY has created economic hardships in order to obtain a desired outcome (COVID-19 vaccination), while at the same time has trampled all over the Plaintiffs' rights. The constitution must trump such maneuvers, and the rule of law must prevail to protect property interests, despite administrative convenience and vaccination policy objectives.

This Court should grant the Plaintiffs' requested relief to protect the Plaintiffs' due process and property interest rights.

**POINT I.     STANDARD OF REVIEW FOR A PRELIMINARY INJUNCTION**

The Second Circuit has set forth two standards of review for a District Court to analyze whether an injunction should issue. Both standards come from the Court's decision in *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577 (2d Cir 1989).

The first standard states that

> [i]n general, the district court may grant a preliminary injunction if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground

> for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d at 580.

The second standard states that

> where the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim.

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d at 580.

In *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir 1985), the Court held

> [w]here such is the case, an injunction is often deemed mandatory, rather than prohibitory, and a greater showing is required of the moving party. *See Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir. 1977). In these circumstances, we have held that an injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested," *Flintkote Co. v. Blumenthal*, 469 F. Supp. 115, 125-26 (N.D.N.Y.), *aff'd*, 596 F.2d 51 (2d Cir. 1979), or where "extreme or very serious damage will result" from a denial of preliminary relief, *Clune v. Publishers' Ass'n*, 214 F. Supp. 520, 531 (S.D.N.Y.), *aff'd*, 314 F.2d 343 (2d Cir. 1963). In sum, we have shown "greater reluctance to issue a mandatory injunction than a prohibitory injunction." *Hurley v. Toia*, 432 F. Supp. 1170, 1175 (S.D.N.Y.), *aff'd mem.*, 573 F.2d 1291 (2d Cir. 1977).

In *Brewer v. W. Irondequoit Cent. Sch. Dist.*, 212 F.3d 738, 743-744 (2d Cir 2000), the Court held

> [i]n most cases, a party seeking a preliminary injunction must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits

3

> or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. *See Forest City Daly Hous., Inc. v. Town of North Hempstead,* 175 F.3d 144, 149 (2d Cir. 1999). In some cases, a significantly higher standard applies. The moving party must make a "clear" or "substantial" showing of a likelihood of success in two instances: where (1) the injunction sought is mandatory, i.e., "will alter, rather than maintain, the status quo"; or (2) the injunction sought "will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits." *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996) (internal quotation marks omitted).

The Plaintiffs can meet their heavy burden in this Motion.

The Plaintiffs are seeking affirmative relief injunction (or mandatory injunction), seeking to alter the status quo, restoring the Plaintiffs to payroll (*i.e.,* restoring their pay status, their benefits, and pension credits) and altering the deprivation of their property interests imposed upon them unilaterally by the FDNY. The Plaintiffs are also seeking a prohibitory injunction to stop the FDNY from disciplining, including terminating the Plaintiffs and all others similarly situated, without due process.

Here, the Plaintiffs are asking for a mandatory injunction, seeking to be placed back on payroll, since the FDNY improperly, illegally, and unconstitutionally placed them on LWOP, having deprived them of their property rights without due process.

Since the Plaintiffs can set forth clear and unambiguous violations of their constitutional rights, the Court should grant the Plaintiffs both (1) a mandatory injunction, reinstating the Plaintiff to pay status, and (2) a prohibitory injunction barring the FDNY from imposing disciplinary consequences upon the Plaintiffs without due process.

Accordingly, the Plaintiffs' requested relief should be granted.

4

## POINT II.  FDNY IS VIOLATING THE PLAINTIFFS' PROPERTY-BASED PROCEDURAL DUE PROCESS CLAIM

"In order to establish a [property-based] due process violation ... plaintiff must show that state action deprived her of a property interest protected by the Fourteenth Amendment." *Velez v. Levy*, 401 F.3d 75, 85 (2d Cir 2005).

"To determine whether a plaintiff was deprived of property without due process of law in violation of the Fourteenth Amendment, we must first identify the property interest involved. Next, we must determine whether the plaintiff received constitutionally adequate process in the course of the deprivation." *O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir 2005).

### A.  Plaintiffs Have A Property Interest In Their Pay

In this case because the Plaintiffs, and those similarly situated, have been suspended without pay, they have been deprived of a protected property interest.

> [A]n employee who is placed on *unpaid* leave has been deprived of a protected property interest, but "an employee who is on leave and receiving his normal salary" has not. *O'Connor*, 426 F.3d at 199. And this remains so even though the employee is required to draw upon leave accruals, such as sick leave, to maintain that salary." As long as the employee is receiving a paycheck equivalent to his normal salary, that the employee is drawing down his sick leave is a bookkeeping entry with no pecuniary effect." *Id.* at 200. Such an employee has only been deprived of a property interest triggering due process when "he suffers a financial loss because of that leave's unavailability," *e.g.*, when the employee runs out of leave accruals while still on leave. *Id* at 199.

*Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir 2019).

In *Waronker v. Hempstead Union Free Sch. Dist.*, 788 F.App'x 788, 793 (2d Cir. 2019) cert. denied, *Waronker v Hempstead Union Free Sch. Dist.*, 140 S.Ct 2669 (2020) the Court held:

5

> In this case, Waronker's property-based procedural due process claim rests on the Board's decision to place him on a paid administrative leave of absence. Under this Circuit's precedents, however, an employee who is suspended is not deprived of a protected property interest "[so] long as the employee is receiving a paycheck equivalent to his normal salary." *Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir. 2019) (internal quotation marks omitted). Thus, while "an employee who is placed on unpaid leave has been deprived of a protected property interest," an employee who is placed on paid leave "has only been deprived of a property interest triggering due process when he suffers a financial loss." *Id.* (emphasis omitted) (internal quotation marks omitted). Waronker does not assert, either in his complaint or on appeal, that he was paid less than his full salary while on administrative leave. His suspension therefore does not provide an adequate basis for his procedural due process claim.

The Plaintiffs in this Action are receiving no compensation, no paycheck equivalent to their normal salary and are suffering in this manner without any due process. Accordingly, the Plaintiffs have been deprived of their protected property interest in their pay.

## B. Plaintiffs Have Not Received Constitutionally Adequate Process In The Course Of The Deprivation

"*If* a protected interest is identified, a court must then consider whether the government deprived the plaintiff of that interest without due process. The second step of the analysis thus asks what process was due to the plaintiff, and inquires whether that constitutional minimum was provided in the case under review." *Narumanchi v. Bd. of Trustees*, 850 F.2d 70, 72 (2d Cir 1988).

The Plaintiffs have not received any due process and have no access to any review process. The Plaintiffs' unions, have utterly refused to process any grievances for placing the Plaintiffs on an unpaid leave status this entire time. *See,* Affidavit of John Garland, sworn to on the 22nd day of November 2021, at ¶¶ 2 through 4 ("Garland Affidavit"). *See also,* **Exhibits 1 and 2 to Garland Affidavit**, a copy of the email communications with Andrew Ansbro, President of the Uniformed Firefighters Association.

6

Unlike the plaintiff in *Narumanchi* who "refused to avail himself of the grievance procedures established in the collective bargaining agreement between his union and his employer" the Plaintiffs' unions have refused to process grievances challenging the FDNY's unilateral decision to suspend the Plaintiffs and others similarly situated without pay before granting the Plaintiffs and others similarly situated due process. *Narumanchi v. Bd. of Trustees*, 850 F.2d at 71. *See*, **Exhibit 1 and 2 to the Garland Affidavit**. *See also*, Garland Affidavit, at ¶¶ 2 through 5.

The New York City Administrative Code, at § 15-113 states:

> Officers and members of the uniformed force shall be removable only after written charges shall have been preferred against them, and after the charges shall have been publicly examined into, upon such reasonable notice of not less than forty-eight hours to the person charged, and in such manner of examination as the rules and regulations of the commissioner may prescribe. The examination into such charges and trial shall be conducted by the commissioner, a deputy commissioner or other person designated by the commissioner in writing for that purpose; but no decision shall be final or be enforced until approved by the commissioner.

While the Plaintiffs acknowledge the power of the Defendant DANIEL A. NIGRO ("Nigro") as Commissioner to ultimately decide the penalty for the FDNY employees' offense (N.Y.C. Administrative Code § 15-113), the Plaintiffs, FDNY officers and members of the uniformed force, are entitled to a hearing before a suspension without pay can be imposed.

In fact, Nigro is limited in the forms of discipline he can impose to "reprimand, forfeiture and withholding of pay for a specified time, or dismissal from the force; but not more than ten days' pay shall be forfeited and withheld for any offense." N.Y.C. Administrative Code § 15-113.

The Plaintiffs have now had their pay withheld for approximately twenty-three days without a hearing and without a "conviction of a member of the force of any legal offense or neglect of duty, or violation of rules, or neglect or disobedience of orders or incapacity, or absence without leave, or any conduct injurious to the public peace or welfare, or immoral conduct, or

conduct unbecoming an officer or member, or other breach of discipline...." N.Y.C. Administrative Code 15-113. *See,* Affidavit of David Button ("Button Affidavit"), at ¶¶ 10 and 11. *See,* Affidavit of Christopher Raimondi, sworn to on the 22nd day of November 2021, at ¶ 2. *See,* Affidavit of Margot Phillips Loth, sworn to on the 24th day of November 2021, at ¶ 2.

Accordingly, the Plaintiffs have not received constitutionally adequate process in the course of the deprivation of their property rights to their pay.

The FDNY has trampled upon the constitutional rights of its employees that have failed to take the COVID-19 vaccine. The FDNY has put undue financial duress and stress on its employees when, during the COVID crisis, the same government officials were praising the FDNY employees for their hard work and dedication to the public during the heights of the COVID pandemic.

Now, just months later, the FDNY and the government officials are using the employees' pay as a weapon to make these hard-working men and women kowtow to a vaccine mandate without any consideration for the employees' constitutional right to their pay. *See, Tooly v. Schwaller,* 919 F.3d at 173; *Waronker v. Hempstead Union Free Sch. Dist.,* 788 F.App'x at 793.

Now, the FDNY is ready to turn its back on those who are not consenting to become vaccinated, for reasons particularly personal to each of them, who are constitutionally and statutorily protected from such unilateral actions regardless of due process. Constitutional rights are not to be trampled in this manner.

This Court should grant the Plaintiffs a Temporary Restraining Order and a Preliminary Injunction to protect the Plaintiffs from irreparable harm.

"When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary. *Mitchell v. Cuomo,* 748 F.2d 804, 806 (2d Cir 1984) (internal quotation marks omitted).

8

The Plaintiffs have a high likelihood of success on the merits of their 42 U.S.C. § 1983 causes of action (**Exhibit A**, a copy of the Complaint (without exhibits)) and therefore should be granted the relief they request.

Accordingly, the Plaintiffs' Motion should be granted.

## POINT III. FDNY IS VIOLATING THE PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS

The Plaintiffs and others similarly situated have been suspended without any due process. The FDNY simply removed the Plaintiffs and all others similarly situated from their positions without notice, charges, or a hearing. The FDNY is disciplining the Plaintiffs and all others similarly situated without providing the Plaintiffs and others similarly situated their procedural due process rights.

The Plaintiffs and all other similarly situated have had their constitutional rights to their jobs violated by the FDNY. The Plaintiffs and all others similarly situated are entitled to certain minimum processes to protect their rights.

"The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

The FDNY has violated the Plaintiffs' constitutional rights to due process by suspending them from their FDNY job without any charges or an opportunity for a hearing.

The New York City Administrative Code, at § 15-113 states:

> Officers and members of the uniformed force shall be removable only after written charges shall have been preferred against them, and after the charges shall have been publicly examined into, upon such reasonable notice of not less than forty-eight hours to the person charged, and in such manner of examination as the rules and

9

> regulations of the commissioner may prescribe. The examination into such charges and trial shall be conducted by the commissioner, a deputy commissioner or other person designated by the commissioner in writing for that purpose; but no decision shall be final or be enforced until approved by the commissioner.

The FDNY has failed to comply with the Administrative Code section because no Plaintiff and no other similarly situated FDNY employee who has been suspended without pay because of their COVID-19 vaccination status, has received written charges nor has any Plaintiff or other similarly situated FDNY employee who has been suspended without pay because of their COVID-19 vaccination status been granted a hearing before they were suspended.

Accordingly, the Court should issue a Temporary Restraining Order and a Preliminary Injunction to stop the FDNY's unconstitutional conduct.

In *Tiernan v. Walsh*, 294 N.Y. 299, 304 (1945), the Court, interpreting a prior incarnation of N.Y.C. Administrative Code § 15-113, held:

> We read the Code provision last quoted above as affording a hearing to a member of the Fire Department before a penalty may be imposed. Although the section does not in express terms provide for a hearing, provision is made that the punishment or penalty for any offense may be imposed only "on conviction" of a member of the force. The use of the phrase "on conviction", we think, imports a trial or hearing as a necessary incident to a disciplinary proceeding.

In *Matter of D'Angelo v. Scoppetta*, 19 N.Y.3d 663, 668 (2012), the Court stated that the FDNY did "not dispute that Administrative Code § 15-113 requires a hearing before its members are subject to punishment by reprimand."

The constitutional and statutory protections that an FDNY officer and members of the uniformed force possesses have been ignored, trampled upon, and violated by the FDNY when the Plaintiffs and all others similarly situated were suspended from their positions without due process because they failed to take a COVID-19 vaccine.

10

In fact, the FDNY's regulations make December 1, 2021 a deadline that puts at risk the Plaintiffs' continued employment with the FDNY.

The Court should grant a Temporary Restraining Order and a Preliminary Injunction enjoining the FDNY from acting on its threats to do so on December 1, 2021.

The FDNY has shown no regard for the Plaintiffs' due process rights. The FDNY has suspended all of the Plaintiffs and all others similarly situated without providing the Plaintiffs the minimum level of due process as required by the United States Supreme Court in *Cleveland Bd. of Educ.*, namely "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. at 546.

This Court should grant the Plaintiffs a Temporary Restraining Order and a Preliminary Injunction to protect the Plaintiffs from irreparable harm.

"When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary. *Mitchell v. Cuomo*, 748 F.2d at 806 (internal quotation marks omitted).

The Plaintiffs have a high likelihood of success on the merits of their 42 U.S.C. § 1983 causes of action **(Exhibit A)** and therefore should be granted the relief they request.

Accordingly, the Plaintiffs' Motion should be granted.

11

## CONCLUSION

For the reasons argued in this Memorandum of Law, the Garland Affidavit, the Button Affidavit, the Raimondi Affidavit, the Loth Affidavit, and the Complaint, the Plaintiffs' Motion should be granted and the Plaintiffs' constitutional rights should be restored forthwith.

Dated:     Carle Place, New York
             November 24, 2021

                                             Respectfully submitted

                                             THE SCHER LAW FIRM, LLP

                                             Austin Graff, Esq.
                                             *Attorneys for the Plaintiffs*
                                             One Old Country Road, Suite 385
                                             Carle Place, New York 11514
                                             (516) 7460-5040