# EXHIBIT C

## Memorandum of Agreement
## District Council 37, City of New York,
## and the Board of Education of the City School District for the City of New York

**WHEREAS;** The Commissioner of the Department of Health and Mental Hygiene has issued an order mandating that all Department of Education staff and other City employees working in school settings be vaccinated against COVID-19 by October 1, 2021; and

**WHEREAS;** the parties desire to reach agreement regarding a process for requests for exemptions to this mandate and the leave status of those who do not comply with the mandate;

**NOW THEREFORE,** the parties agree as follows:

I.   **Exemption and Accommodation Requests & Appeal Process**

As an alternative to any statutory reasonable accommodation process, the City of New York (the "City"), the Board of Education of the City School District for the City of New York (the "DOE"), and the District Council 37, (collectively the "Parties") shall be subject to the following Review Process to be implemented immediately for full-time staff and staff who work a regular schedule of 20 or more hours per week employed by the DOE and by the Department of Health and Mental Hygiene (DOHMH) and working in DOE schools. This process shall only apply to (a) religious and medical exemption requests to the mandatory vaccination policy, and (b) medical accommodation requests where an employee is unable to mount an immune response to COVID-19 due to preexisting immune conditions and the requested accommodation is that the employee not appear at school. This process shall be in place for the 2021-2022 school year and shall only be extended by mutual agreement of the Parties.

Any requests to be considered as part of this process must be submitted via the SOLAS system for DOE employees or to DOHMH's EEO office, on a form created by EEO, for DOHMH employees, no later than 5pm on Tuesday, October 5th.

A.  Full Medical Exemptions to the vaccine mandate shall only be considered where an individual has a documented contraindication such that an individual cannot receive any of the 3 authorized vaccines (Pfizer, Moderna, J&J)—with contraindications delineated in CDC clinical considerations for COVID-19 vaccination.  Note that a prior immediate allergic reaction to one type of vaccine will be a precaution for the other type of vaccine, and may require consultation with an allergist.

B.  Temporary Medical Exemptions to the vaccine mandate shall only be based on the following valid reasons to defer or delay COVID-19 vaccination for some period:
    - Within the isolation period after a COVID-19 infection;
    - Within 90 days of monoclonal antibody treatment of COVID-19;
    - Treatments for conditions as delineated in CDC clinical considerations, with understanding that CDC guidance can be updated to include new considerations over time, and/or determined by a treating physician with a valid medical license responsible for the immunosuppressive therapy, including full and appropriate

1

      documentation that may warrant temporary medical exemption for some period of time because of active therapy or treatment (e.g., stem cell transplant, CAR T-cell therapy) that would temporarily interfere with the patient's ability to respond adequately to vaccination;
- Pericarditis or myocarditis not associated with COVID-19 vaccination or pericarditis or myocarditis associated with COVID-19 vaccination.

Length of delay for these conditions may vary, and staff member must get vaccinated after that period unless satisfying the criteria for a Full Medical Exemption described above.

C. Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or philosophical in nature. Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).

D. There are cases in which, despite an individual having sought and received the full course of the vaccination, they are unable to amount an immune response to COVID-19 due to preexisting immune conditions. In these circumstances, each individual case should be reviewed for potential accommodation. Medical accommodation requests must be documented in writing by a medical doctor.

E. The initial determination of eligibility for an exemption or accommodation shall be made for DOE employees by staff in the Division of Human Capital in the Office of Medical, Leaves and Benefits; the Office of Equal Opportunity; and Office of Employee Relations, and for DOHMH employees by DOHMH's EEO office. These determinations shall be made in writing no later than Friday, October 8th and, if denied, shall include a reason for the denial.

F. If the employee wishes to appeal a determination under the identified criteria, such appeal shall be made in SOLAS to the DOE for DOE employees and to DOHMH's EEO office for DOHMH employees within 48 hours of the agency's issuance of the initial eligibility determination. Those employees who have already applied for an exemption or accommodation and received a determination from DOE shall be notified by DOE of their right to appeal and such appeal shall be made in SOLAS within 48 hours of receipt of such notification. The request for appeal should include the reason for the appeal and any additional documentation. Following the filing of the appeal, any supplemental documentation may be submitted by the employee to the Scheinman Arbitration and Mediation Services ("SAMS") within 48 hours after the filing of the appeal. If the stated reason for denial of a medical exemption or accommodation request is insufficient

  documentation, the employee may request from the arbitrator and, upon good cause shown, the arbitrator may grant an extension beyond 48 hours for the employee to gather the appropriate medical documentation before the appeal is deemed submitted for determination.

G. A panel of arbitrators identified by SAMS shall hear these appeals and may request that the employee or the agency submit additional documentation. The assigned arbitrator may also request information from City and/or DOE doctors as part of the review of the appeal documentation.  The assigned arbitrator, at his/her discretion, will either issue a decision on the appeal based on the documents submitted or hold an expedited (virtual) factual hearing. If the panel requests a factual hearing, the employee may elect to have a union representative present but neither party shall be required to be represented by an attorney at the hearing. The expedited hearing shall consist of brief opening statements, questions from the arbitrator, and brief closing statements. Cross examination shall not be permitted. Any documentation submitted at the Arbitrator's request must be provided to the agency at least one business day before the hearing or the issuance of the written decision without hearing.

H. Appeal decisions shall be expedited without full Opinion, and the decision is final and binding.

I. While the exemption/accommodation review process and/or any appeal is pending the individual shall remain on Leave without pay with Health Benefits. Those employees who are vaccinated and have applied for an accommodation will have the ability to use sick and/or annual leave while their application and appeal are pending, should the appeal be granted, these employees will be reimbursed any sick and/or annual leave used retroactive to the date of their initial application.

J. The employing agency shall cover all arbitration costs from SAMS under this process. To the extent that the arbitrator requests additional medical documentation or information from the agency, or consultation with City and/or DOE doctors, arranging and paying for such documentation and/or consultation shall be the responsibility of the agency.

K. An employee who is granted a medical or religious exemption or a medical accommodation under this process and within the specific criteria identified above shall be permitted the opportunity to remain on payroll while the exemption and/or accommodation is in place, but in no event required/permitted to enter a school building while unvaccinated, as long as the vaccine mandate is in effect. In order to keep the employee on payroll, the agency may, in its discretion:
  I. Assign the employee to work outside of a school building (e.g., at DOE administrative offices for DOE employees, or at other DOHMH locations for DOHMH employees) to perform functions as determined by the agency.

    II.    Assign the employee to work on alternative shifts, with no payment of any shift differentials.
    III.    Temporarily detail the employee to perform work for another City agency which is not subject to a vaccination mandate.
    IV.    Assign the employee to continue in their current non-school-based assignment and work location subject to the terms set forth herein or to an alternative non-school-based location to perform functions as determined by the DOE.

L. For those with underlying medical issues granted an accommodation under Section I(D), the agency will make best efforts to ensure that the alternate work setting is appropriate for the employee's medical needs. The agency shall make best efforts to make these assignments within the same borough as the employee's current work location, to the extent such assignment exists. DOE employees assigned to alternative assignments shall be required to submit to COVID testing twice per week for the duration of the assignment. DOHMH employees so assigned shall be required to comply with DOHMH's testing policy for unvaccinated employees.

M. The process set forth herein shall constitute the exclusive and complete administrative process for the review and determination of requests for religious and medical exemptions to the mandatory vaccination policy and accommodation requests where the requested accommodation is that the employee not appear at school. The process shall be deemed complete and final upon the issuance of an appeal decision. Should either party have reason to believe the process set forth herein is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution.

N. A 12-month employee who is granted a full (i.e., not temporary) medical or religious exemption under this process whose exemption or accommodation is not extended past the end of the school year shall have the right to elect to be placed on leave without pay with health benefits through September 5, 2022 pursuant to all the terms and conditions set forth in Section III(B) of this agreement. Such election must be made within two weeks of the date the exemption of accommodation ceased.

## II.    <u>Leave</u>

A. Any unvaccinated employee who has not requested an exemption pursuant to Section 1, or who has a pending exemption request or has requested an exemption which has been denied, may be placed by the agency on leave without pay effective October 4, 2021 through November 30, 2021. Such leave may be unilaterally imposed by the agency and may be extended at the request of the employee consistent with Section III(B), below. Placement on leave without pay for these reasons shall not be considered a disciplinary action for any purpose.

B.  Except as otherwise noted herein, this leave shall be treated consistent with other unpaid leaves at the agency for all purposes.

C.  During such leave without pay, employees shall continue to be eligible for health benefits. As with other agency leaves without pay, employees are prohibited from engaging in gainful employment during the leave period.

D.  Employees who become vaccinated while on such leave without pay and provide appropriate documentation to the agency prior to November 30, 2021 shall have a right of return to active duty as soon as is practicable but in no case more than one week following notice and submission of documentation to the agency.

E.  Pregnancy/Parental Leave
    i.   Any soon-to-be birth mother who starts the third trimester of pregnancy on or before October 1, 2021 (e.g. has a due date no later than January 1, 2022), may utilize sick leave, annual leave, and/or compensatory time prior to the child's birth date, but not before October 1, 2021. Upon giving birth, they shall be eligible for paid family leave ("PFL") or FMLA in accordance with existing law and rules.
    ii.  No documentation shall be necessary for this use of accrued leave, other than a doctor's written assertion that the employee is in her third trimester as of October 1, 2021.
    iii. In the event that an eligible employee exhausts accrued leave prior to giving birth, that employee shall be placed on a leave without pay, but with medical benefits at least until the birth of the child. As applicable, unvaccinated employees may be placed in the leave as delineated in Section II(A).
    iv.  If not otherwise covered by existing FMLA or leave eligibility, an employee who exhausts their leave before the birth of the child will be eligible to be in an unpaid leave with medical benefits for the duration of the maternity recovery period (i.e., six weeks after birth or eight weeks after a birth via C-Section).
    v.   All other eligibility and use rules regarding use of sick leave, annual leave, compensatory time, paid family leave, and FMLA remain in effect.
    vi.  Except as provided in this subsection E, no employee placed on leave without pay pursuant to this agreement may return to another leave status (e.g., annual leave, sick leave, FMLA) after going on leave without pay.

### III.   Separation

A.  During the period of October 4, 2021 through October 29, 2021 any employee who is on leave without pay due to vaccination status may opt to separate from the agency. In order to separate under this Section and receive the commensurate benefits, an employee must file a form created by the agency which includes a waiver of the employee's rights to

5

challenge the employee's involuntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. If an employee opts to separate consistent with this Section, the employee shall be eligible to be reimbursed for unused sick leave on a one-for-one basis, up to 100 days to be paid following the employee's separation with documentation including the general waiver and release. Employees who elect this option shall be deemed to have resigned involuntarily effective on the date contained in the general waiver as determined by the agency, for non-disciplinary reasons. An employee who separates under this Section shall continue to be eligible for health benefits through September 5, 2022, unless they have health insurance available from another source (e.g., a spouse's coverage or another job).

B. During the period of November 1st through November 30, 2021, any employee who is on leave without pay due to vaccination status may alternately opt to extend the leave through September 5, 2022. In order to extend this leave pursuant to this Section and continue to receive the commensurate benefits, an employee must file a form created by the agency which includes a waiver of the employee's rights to challenge the employee's voluntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. Employees who select this option shall continue to be eligible for health benefits through September 5, 2022. Employees who comply with the health order and who seek to return from this leave, and so inform the agency before September 5, 2022, shall have a right to return to active duty as soon as is practicable but in no case more than two weeks following notice to the agency. Existing rules regarding notice of leave intention and rights to apply for other leaves still apply. Employees who have not returned by September 5, 2022 will be deemed to have voluntarily resigned.

C. Beginning December 1, 2021, the agency will seek to unilaterally separate employees who have not opted into separation under Sections III(A) and III(B). Except for the express provisions contained herein, all parties retain all legal rights at all times relevant herein.

| FOR THE CITY OF NEW YORK | FOR THE BOARD OF EDUCATION |
|---|---|
| BY: _____ *[signature]* | BY: _____*Randy J. Asher*_____ |
| RENEE CAMPION | RANDY ASHER |
| Commissioner of Labor Relations | Deputy CEO, Labor Policy |

| FOR DISTRICT COUNCIL 37 | FOR LOCAL 372 |
|---|---|
| BY: _____ | BY: _____ |
| HENRY GARRIDO | SHAUN D. FRANCOIS I |
| Executive Director | President |

Dated: __October 3__, 2021

7