# EXHIBIT I



# OFFICE OF COLLECTIVE BARGAINING

**OFFICE ADDRESS**
100 Gold Street
Suite 4800
New York, New York 10038

**MAILING ADDRESS**
Peck Slip Station
PO Box 1018
New York, New York
10038-9991

212.306.7160
www.ocb-nyc.org

**IMPARTIAL MEMBERS**
Susan J. Panepento, Chair
Alan R. Viani

**LABOR MEMBERS**
Charles G. Moerdler

**CITY MEMBERS**
M. David Zurndorfer
Pamela S. Silverblatt

**DEPUTY CHAIRS**
Monu Singh
Steven Star

November 16, 2021

**Via E-Mail & Certified Mail**

Paul Linzer, Esq.  
Certilman Balin Adler & Hyman, LLP  
90 Merrick Avenue, 9th Floor  
East Meadow, NY 11554

Steven Banks, General Counsel  
Office of Labor Relations  
22 Cortlandt Street, 14th Floor  
New York, New York 10007

Re:   Notice of Board Determination
      Request for Injunctive Relief
      UFA, Local 94, IAFF v. City of New York, FDNY
      Docket No. BCB-4460-21 (INJ)

Dear Counselors:

On November 16, 2021, the Board of Collective Bargaining met pursuant to §1-07(d)(7) of the Rules of the Office of Collective Bargaining [61 RCNY §1-01 et. seq.]. After a thorough discussion of the issues raised in this matter, a majority of the Board voted to deny the petitioner's request for injunctive relief in the above-captioned matter on the grounds that it did not appear that "immediate and irreparable injury loss or damage will result" CSL § 209-a(5)(a). The Union's claims substantially mirror those of the petitioners in *MLC, et. al.*, BCB-4457-21 (INJ), for which the Board denied a petition for injunctive relief on November 9, 2021. To the extent the UFA's claims differ from those in *MLC, et al.*, they do not establish a basis for finding irreparable harm.

In this proceeding, Petitioner also seeks injunctive relief with respect to the claim that the City failed to bargain in good faith concerning its October 20, 2021 decision to mandate vaccines for all its employees. After a thorough discussion of this issue, a majority of the Board voted to deny the petitioner's request for injunctive relief on the additional ground that it did not appear that there is "a likelihood of success on the merits" CSL § 209-a(5)(a).

Page 2

The underlying improper practice charge raises issues concerning the duty to bargain under the New York City Collective Bargaining Law, and the City has acknowledged its willingness to negotiate the impact of the vaccine mandate for City workers. The Board strongly encourages the parties to meet expeditiously to discuss these issues and attempt to resolve them through collective bargaining.

The Office of Collective Bargaining is available to assist the parties in achieving a mutually acceptable outcome.

                                                Very truly yours,

                                                Steven E. Star
                                                Deputy Chair/General Counsel

cc:    Janet Insardi, Esq. (by email)
        Jennifer Bentley, Esq. (by email)