UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN GARLAND, *et al.*, on behalf of themselves and
all other similarly situated employees of the New York        INDEX NO. 21-cv-6586
City Fire Department,

                                                Plaintiffs,

-against-

NEW YORK CITY FIRE DEPARTMENT, DANIEL A.
NIGRO, in his official and individual capacities, JOHN
DOE #1-10, in their official and individual capacities;
and JANE DOE #1-10 in their official and individual
capacities,
                                                Defendants.
------------------------------------------------------------------------X

**PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW REGARDING STANDING
IN FURTHER SUPPORT OF THE PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

THE SCHER LAW FIRM, LLP
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 746-5040

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

ARGUMENT .................................................................................................................................. 1

CONCLUSION ............................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009) ................................................................ 2

*Barrentine v. Arkansas-Best Frgt. Sys.*, 450 U.S. 728, 744 (1981) ................................................ 2

*Fernandez v. Windmill Distrib. Co.*, 159 F.Supp.3d 351, 361 (S.D.N.Y. 2016) ............................ 2

*Kane v. De Blasio*, 2021 U.S. App. LEXIS 35102, (2d Cir Nov. 28, 2021) .................................. 1

*Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79-81 (1998) ................................................ 3

# ARGUMENT

This Sur-Reply Memorandum of Law is submitted on behalf of the Plaintiffs, and all others similarly situated, in this Action to address the single issue permitted to be briefed following oral argument on Tuesday, November 30, 2021, which is whether the individual employees herein have standing to challenge the City's COVID 19 vaccination mandate to the extent it infringes upon their due process rights under the United States Constitution, including particularly, those two (2) employees among the named Plaintiffs in this Action who are covered by the DC 37 agreement with the Defendant, New York City.

In *Kane v. De Blasio*, 2021 U.S. App. LEXIS 35102, (2d Cir Nov. 28, 2021), the Court briefly addressed New York City's argument that the Plaintiffs, fifteen teachers and school administrators challenging the New York City Commissioner of Health and Mental Hygiene COVID-19 vaccination mandate and the implementation of the mandate on religious-freedom grounds.

In *Kane*, the City made the argument that the Plaintiffs in the *Kane* case lacked standing because the Plaintiffs were challenging the terms of the arbitration award that came from the collective bargaining process between the Plaintiffs' union and the City.

The Second Circuit in *Kane*, in footnote 15 stated:

> Nor do we address certain arguments made by Defendants. In a single sentence in their brief, Defendants suggest that Plaintiffs do not "have standing to launch a direct attack on the terms of awards arising out of arbitrations initiated by their own unions without first alleging a breach of the duty of fair representation." Defendants Br. 35 (citing *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 260, 129 S. Ct. 1456, 173 L. Ed. 2d 398 (2009)). But Defendants have not identified any provision in the relevant collective bargaining agreements that "clearly and unmistakably" requires union members, including Plaintiffs, to arbitrate their constitutional claims. *Pyett*, 556 U.S. at 274; *see Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d 351, 360 (S.D.N.Y. 2016); *see also Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728,

1

> 744, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981); *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 79-80, 119 S. Ct. 391, 142 L. Ed. 2d 361 (1998) ….

*Kane v De Blasio*, 2021 U.S. App. LEXIS 35102, at *22, n 15.

A review of the cases cited by the Second Circuit in *Kane* reveals that the same legal principal, namely that DC37's agreement with the City does not "clearly and unmistakably" require union members (the Plaintiffs in this Action) to arbitrate their constitutional claims alleged in this Action.

In *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009), the Court held "that a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law."

In *Fernandez v. Windmill Distrib. Co.*, 159 F.Supp.3d 351, 361 (S.D.N.Y. 2016), the Court held that the collective bargaining agreement in that case was

> broad and requires arbitration for "all disputes," but its antidiscrimination section does not reference any specific antidiscrimination statutes that would be subject to exclusive arbitration, nor does it specify whether arbitration is required for state or federal claims at all. In view of post-<u>Pyett</u> precedent in this circuit, the court holds that the arbitration and antidiscrimination clauses above do not mandate arbitration of Fernandez's statutory claims.

In *Barrentine v. Arkansas-Best Frgt. Sys.*, 450 U.S. 728, 744 (1981), the Court held that

> Moreover, even though a particular arbitrator may be competent to interpret and apply statutory law, he may not have the contractual authority to do so. An arbitrator's power is both derived from, and limited by, the collective-bargaining agreement. *Gardner-Denver*, 415 U.S., at 53. He "has no general authority to invoke public laws that conflict with the bargain between the parties." *Ibid*. His task is limited to construing the meaning of the collective-bargaining agreement so as to effectuate the collective intent of the parties.

> Accordingly, "[if] an arbitral decision is based 'solely upon the arbitrator's view of the requirements of enacted legislation,' rather than on an interpretation of the collective-bargaining agreement, the arbitrator has 'exceeded the scope of the submission,' and the award will not be enforced." *Ibid*., quoting *Steelworkers* v. *Enterprise Wheel & Car Corp.*, 363 U.S., at 597.
>
> Because the arbitrator is required to effectuate the intent of the parties, rather than to enforce the statute, he may issue a ruling that is inimical to the public policies underlying the FLSA, thus depriving an employee of protected statutory rights.

In *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79-81 (1998), the Court held

> [n]ot only is petitioner's statutory claim not subject to a presumption of arbitrability; we think any CBA requirement to arbitrate it must be particularly clear. In *Metropolitan Edison Co.* v. *NLRB*, 460 U.S. 693, 75 L. Ed. 2d 387, 103 S. Ct. 1467 (1983), we stated that a union could waive its officers' statutory right under § 8(a)(3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(3), to be free of antiunion discrimination, but we held that such a waiver must be clear and unmistakable. "We will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.' More succinctly, the waiver must be clear and unmistakable." 460 U.S. at 708; see also *Livadas* v. *Bradshaw*, 512 U.S. 107, 125, 129 L. Ed. 2d 93, 114 S. Ct. 2068 (1994) (dictum); *Lingle* v. *Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409, n. 9, 100 L. Ed. 2d 410, 108 S. Ct. 1877 (1988) (dictum); cf. *Mastro Plastics Corp.* v. *NLRB*, 350 U.S. 270, 283, 100 L. Ed. 309, 76 S. Ct. 349 (1956).
>
> We think the same standard applicable to a union-negotiated waiver of employees' statutory right to a judicial forum for claims of employment discrimination. Although that is not a substantive right, see *Gilmer*, 500 U.S. at 26, and whether or not *Gardner-Denver*'s seemingly absolute prohibition of union waiver of employees' federal forum rights survives *Gilmer*, *Gardner-Denver* at least stands for the proposition that the right to a federal judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a CBA. The CBA in this case does not meet that standard. Its arbitration clause is very general, providing for arbitration of "matters under dispute," App. 43a -- which could be understood to mean matters in dispute under the contract. And the remainder of the contract contains no explicit incorporation of

3

statutory antidiscrimination requirements. (Indeed, it does not even contain, as did the CBAs in *Austin* and *Gardner-Denver*, its own specific antidiscrimination provision.) The Fourth Circuit relied upon the fact that the equivalently broad arbitration clause in *Gilmer* -- applying to "any dispute, claim or controversy" -- was held to embrace federal statutory claims. But *Gilmer* involved an individual's waiver of his own rights, rather than a union's waiver of the rights of represented employees -- and hence the "clear and unmistakable" standard was not applicable.

Nowhere in DC 37's agreement with the City does the union clearly and unmistakably waive the Plaintiffs'-union members' constitutional rights and statutory rights to procedural due process rights or property interest rights in their pay.

Without a clear and unmistakable waiver of a union members' constitutional rights and statutory rights in the Collective Bargaining Agreement between DC37 and New York City, or in the regent Memorandum of Agreement regarding the COVID-19 vaccination mandate between DC37 and New York City, the Plaintiffs are not barred from asserting their individual constitutional rights were violated, and thus they do have standing to protect their individual liberties in federal court despite the fact that DC 37 reached an agreement with the City.

\*

\*

**[the remainder of this page is intentionally left blank]**

\*

\*

## CONCLUSION

For the reasons argued in this Reply Memorandum of Law and the papers submitted in support of the Motion, the Plaintiffs' Motion should be granted and the Plaintiffs' constitutional rights should be restored forthwith.

Dated:        Carle Place, New York
                November 30, 2021

                                            Respectfully submitted

                                            **THE SCHER LAW FIRM, LLP**
                                                *Attorneys for the Plaintiffs*

                                                          /s/
                                            Austin Graff, Esq.


                                            Jonathan L. Scher, Esq.

                                            The Scher Law Firm, LLP
                                            One Old Country Road, Suite 385
                                            Carle Place, New York 11514
                                            (516) 7460-5040