UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN GARLAND, VINCENT A. BOTTALICO,
TIMOTHY A. HEATON, JOSEPH BEVILACQUA,
JOSEPH CICERO, JOSEPH COLUMBIA, ANDREW
COSTELLO, JAMES DANIEL DALY III, VINCENT
DEFONTE, KENNETH DEFOREST, SALVATORE
DEPAOLA, BRIAN DOYLE, NATHAN EVANS,
CHRISTOPHER FILOCAMO, KEVIN GARVEY,
CHARLES GUARNEIRI, DANIEL J. OSHEA,
MARGOT LOTH, MICHAEL LYNCH, DENNIS
O'KEEFFE, BRIAN PATRICK SMITH, KURT
PFLUMM, CHRISTOPHER RAIMONDI, PAUL
SCHWEIT, JOSEPH T. JOHNSON, DAVID BUTTON,
PAUL PARR, MARK SINCLAIR, DANIEL
BAUDILLE, JOHN DREHER, THOMAS OLSEN,
GIUSEPPE ROBERT PENORO, MATTHEW
CONNOR, NICHOLAS MULLIGAN, RANDALL
SANTANA, ANTHONY PERRONE, SCOTT
ETTINGER, ANTHONY MASTROPIETRO,
RASHAAD TAYLOR, ANTHONY RUGGIERO,
JOSEPH MURDOCCA, KEITH KLEIN, PAUL
VASQUENZ, MARK HENESY, RYAN K. HALL,
JUDE PIERRE, MICHELLE SANTIAGO, ROBERT
DITRANI, BRIAN T. DENZLER, MICHAEL
MCGOFF, OWEN FAY, JOSEPH M. PALMIERI,
STEPHEN INGUAGIATO, GEORGE J. MURPHY,
JOSEPH DEPAOLA, STEPHEN BUTTAFUCCO,
MICHAEL SAMOLIS, AINSLEY ATWELL, JOHN
COSTELLO, MATTHEW SINCLAIR, GLENN
CLAPP, MATT KOVAL, JOHN ARMORE, ROSARIO
CURTO, DANIEL STROH, DANIEL YOUNG,
FELICIA J. TSANG, KEVIN ERKMAN, JOHN
TWOMLEY, CRAIG LEAHY, TIM RIVICCI,
MICHAEL FADDA, ANTHONY C. CARDAZONE,
DAVID SUMMERFIELD, BRENDAN MCGEOUGH,
BRANDON PHILLIPS, CHRISTOPHER INFANTE,
BERNADETTE MEJIA, JARED DYCHKOWSKI,
THOMAS FEJES, JASON CHARLES, WILLIAM
JOHN SAEZ, PHILLIP J. DARCEY, RODNEY
COLON, SEAN FITZGERALD, ROBERT YULI, on
behalf of themselves and all other similarly situated
employees of the New York City Fire Department,

Plaintiffs,

-against-

NEW YORK CITY FIRE DEPARTMENT, DANIEL A.
NIGRO, in his official and individual capacities, CITY
OF NEW YORK, UNIFORMED FIRE OFFICERS

**INDEX NO. 21-cv-6586**

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

ASSOCIATION, LOCAL 854 INTERNATIONAL
ASSOCIATION OF FIREFIGHTERS, AFFILIATED
WITH THE AFL-CIO, UNIFORMED FIREFIGHTERS
ASSOCIATION OF GREATER NEW YORK,
DISTRICT COUNCIL 37, AFSCME AFL-CIO,
HENRY GARRIDO, in his official and individual
capacities, DISTRICT COUNCIL 37, AFSCME AFL-
CIO, LOCAL 2507, DISTRICT COUNCIL 37,
AFSCME AFL-CIO, LOCAL 3621, JOHN DOE #1-10,
in their official and individual capacities; and JANE
DOE #1-10 in their official and individual capacities,

Defendants.

----------------------------------------------------------------------X

The Plaintiffs by their attorneys, The Scher Law Firm, LLP, alleges the following as their
Amended Complaint:

## I.   PARTIES, JURISDICTION, AND VENUE

1.   The Plaintiff JOHN GARLAND ("Garland") was and still is a natural person who
resides in and is a domiciliary of the County of Richmond, State of New York and is employed
as a firefighter with the New York City Fire Department ("FDNY").

2.   The Plaintiff VINCENT A. BOTTALICO ("Bottalico") was and still is a natural
person who resides in and is a domiciliary of the County of Putnam, State of New York and is
employed as a lieutenant with the FDNY.

3.   The Plaintiff TIMOTHY A. HEATON ("Heaton") was and still is a natural
person who resides in and is a domiciliary of the County of New York, State of New York and is
employed as a lieutenant with the FDNY.

4.   The Plaintiff JOSEPH BEVILACQUA ("Bevilacqua") was and still is a natural
person who resides in and is a domiciliary of the County of Richmond, State of New York and is
employed as a firefighter with the FDNY.

5.      The Plaintiff JOSEPH CICERO ("Cicero") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

6.      The Plaintiff JOSEPH COLUMBIA ("Columbia") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

7.      The Plaintiff ANDREW COSTELLO ("Costello") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

8.      The Plaintiff JAMES DANIEL DALY III ("Daly") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

9.      The Plaintiff VINCENT DEFONTE ("Defonte") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

10.      The Plaintiff KENNETH DEFOREST ("DeForest") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

11.      The Plaintiff SALVATORE DEPAOLA ("DePaola") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

12.      The Plaintiff BRIAN DOYLE ("Doyle") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

13.     The Plaintiff NATHAN EVANS ("Evans") was and still is a natural person who resides in and is a domiciliary of the County of New York, State of New York and is employed as a lieutenant with the FDNY.

14.     The Plaintiff CHRISTOPHER FILOCAMO ("Filocamo") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

15.     The Plaintiff KEVIN GARVEY ("Garvey") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

16.     The Plaintiff CHARLES GUARNEIRI ("Guarneiri") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

17.     The Plaintiff DANIEL J. OSHEA ("OShea") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

18.     The Plaintiff MARGOT LOTH ("Loth") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a paramedic with the FDNY.

19.     The Plaintiff MICHAEL LYNCH ("Lynch") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a firefighter with the FDNY.

20.     The Plaintiff DENNIS O'KEEFFE ("O'Keeffe") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

21.     The Plaintiff BRIAN PATRICK SMITH ("Smith") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

22.     The Plaintiff KURT PFLUMM ("Pflumm") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

23.     The Plaintiff CHRISTOPHER RAIMONDI ("Raimondi") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a lieutenant with the FDNY.

24.     The Plaintiff PAUL SCHWEIT ("Schweit") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

25.     The Plaintiff JOSEPH T. JOHNSON ("Johnson") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a Captain with the FDNY.

26.     The Plaintiff DAVID BUTTON ("Button") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

27.     The Plaintiff PAUL PARR ("Parr") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a lieutenant with the FDNY.

28.     The Plaintiff MARK SINCLAIR ("Sinclair") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

29.     The Plaintiff DANIEL BAUDILLE ("Baudille") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a firefighter with the FDNY.

30.     The Plaintiff JOHN DREHER ("Dreher") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

31.     The Plaintiff THOMAS OLSEN ("Olsen") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a firefighter with the FDNY.

32.     The Plaintiff GIUSEPPE ROBERT PENORO ("Penoro") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

33.     The Plaintiff MATTHEW CONNOR ("Connor") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a lieutenant with the FDNY.

34.     The Plaintiff NICHOLAS MULLIGAN ("Mulligan") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

35.     The Plaintiff RANDALL SANTANA ("Santana") was and still is a natural person who resides in and is a domiciliary of the County of Bronx, State of New York and is employed as a firefighter with the FDNY.

36.     The Plaintiff ANTHONY PERRONE ("Perrone") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

37.     The Plaintiff SCOTT ETTINGER ("Ettinger") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a lieutenant with the FDNY.

38.     The Plaintiff ANTHONY MASTROPIETRO ("Mastropietro") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

39.     The Plaintiff RASHAAD TAYLOR ("Taylor") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a firefighter with the FDNY.

40.     The Plaintiff ANTHONY RUGGIERO ("Ruggiero") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

41.     The Plaintiff JOSEPH MURDOCCA ("Murdocca") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

42.     The Plaintiff KEITH KLEIN ("Klein") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

43.     The Plaintiff PAUL VASQUENZ ("Vasquenz") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

44.     The Plaintiff MARK HENESY ("Henesy") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a lieutenant with the FDNY.

45.     The Plaintiff RYAN K. HALL ("Hall") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

46.     The Plaintiff JUDE PIERRE ("Pierre") was and still is a natural person who resides in and is a domiciliary of the State of New York and is employed as a firefighter with the FDNY.

47.     The Plaintiff MICHELLE SANTIAGO ("Santiago") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a lieutenant with the FDNY.

48.     The Plaintiff ROBERT DITRANI ("DiTrani") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a lieutenant with the FDNY.

49.     The Plaintiff BRIAN T. DENZLER ("Denzler") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

50.     The Plaintiff MICHAEL MCGOFF ("McGoff") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

51.     The Plaintiff OWEN FAY ("Fay") was and still is a natural person who resides in and is a domiciliary of the County of Westchester, State of New York and is employed as a lieutenant with the FDNY.

52.     The Plaintiff JOSEPH M. PALMIERI ("Palmieri") was and still is a natural person who resides in and is a domiciliary of the County of Rockland, State of New York and is employed as a firefighter with the FDNY.

53.     The Plaintiff STEPHEN INGUAGIATO ("Inguagiato") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

54.     The Plaintiff GEORGE J. MURPHY ("Murphy") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

55.     The Plaintiff JOSEPH DEPAOLA ("Depaola") was and still is a natural person who resides in and is a domiciliary of the County of Rockland, State of New York and is employed as a firefighter with the FDNY.

56.     The Plaintiff STEPHEN BUTTAFUCCO ("Buttafucco") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

57.     The Plaintiff MICHAEL SAMOLIS ("Samolis") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

58.     The Plaintiff AINSLEY ATWELL ("Atwell") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a firefighter with the FDNY.

59.     The Plaintiff JOHN COSTELLO ("John") was and still is a natural person who resides in and is a domiciliary of the County of Rockland, State of New York and is employed as a firefighter with the FDNY.

60.     The Plaintiff MATTHEW SINCLAIR ("Matthew") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

61.     The Plaintiff GLENN CLAPP ("Clapp") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a firefighter with the FDNY.

62.     The Plaintiff MATT KOVAL ("Koval") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

63.     The Plaintiff JOHN ARMORE ("Armore") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

64.     The Plaintiff ROSARIO CURTO ("Curto") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

65.     The Plaintiff DANIEL STROH ("Stroh") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

66.     The Plaintiff DANIEL YOUNG ("Young") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

67.     The Plaintiff FELICIA J. TSANG ("Tsang") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a EMT with the FDNY.

68.     The Plaintiff KEVIN ERKMAN ("Erkman") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

69.     The Plaintiff JOHN TWOMLEY ("Twomley") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

70.     The Plaintiff CRAIG LEAHY ("Leahy") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a lieutenant with the FDNY.

71.     The Plaintiff TIM RIVICCI ("Rivicci") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

72.     The Plaintiff MICHAEL FADDA ("Fadda") was and still is a natural person who resides in and is a domiciliary of the County of Putnam, State of New York and is employed as a firefighter with the FDNY.

73.     The Plaintiff ANTHONY C. CARDAZONE ("Cardazone") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a lieutenant with the FDNY.

74.     The Plaintiff DAVID SUMMERFIELD ("Summerfield") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a firefighter with the FDNY.

75.     The Plaintiff BRENDAN MCGEOUGH ("McGeough") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

76.     The Plaintiff BRANDON PHILLIPS ("Phillips") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

11

77.     The Plaintiff CHRISTOPHER INFANTE ("Infante") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

78.     The Plaintiff BERNADETTE MEJIA ("Mejia") was and still is a natural person who resides in and is a domiciliary of the County of Bronx, State of New York and is employed as a firefighter with the FDNY.

79.     The Plaintiff JARED DYCHKOWSKI ("Dychkowski") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a lieutenant with the FDNY.

80.     The Plaintiff THOMAS FEJES ("Fejes") was and still is a natural person who resides in and is a domiciliary of the County of Putnam, State of New York and is employed as a EMT with the FDNY.

81.     The Plaintiff JASON CHARLES ("Charles") was and still is a natural person who resides in and is a domiciliary of the County of Manhattan, State of New York and is employed as a firefighter with the FDNY.

82.     The Plaintiff WILLIAM JOHN SAEZ ("Saez") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

83.     The Plaintiff PHILLIP J. DARCY ("Darcy") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a lieutenant with the FDNY.

84.     The Plaintiff RODNEY COLON ("Colon") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

85.     The Plaintiff SEAN FITZGERALD ("Fitzgerald") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

86.     The Plaintiff ROBERT YULI ("Yuli") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a firefighter with the FDNY.

87.     The Defendant NEW YORK CITY FIRE DEPARTMENT ("FDNY") was and still is a municipal corporation duly organized under the laws of New York State with its principal place of business is located in the County of Kings, State of New York.

88.     The Defendant DANIEL A. NIGRO ("Nigro") was and still is a natural person whose principal place of business is located in the County Kings, State of New York.

89.     The Defendant CITY OF NEW YORK ("NYC") was and still is a municipal corporation duly organized under the laws of New York State with its principal place of business is located in the County of New York, State of New York.

90.     The Defendant UNIFORMED FIRE OFFICERS ASSOCIATION, LOCAL 854 INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFFILIATED WITH THE AFL-CIO ("UFOA") was and still is a labor organization with its principal place of business located in the County of New York, State of New York.

91.     The Defendant UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK ("Uniformed Firefighters") was and still is a labor organization with its principal place of business located in the County of New York, State of New York.

92.     The Defendant DISTRICT COUNCIL 37, AFSCME AFL-CIO ("DC37") was and still is a labor organization with its principal place of business located in the County of New York, State of New York.

93.     The Defendant HENRY GARRIDO ("Garrido") was and still is a natural person whose principal place of business is located in the County of New York, State of New York.

13

94.     The Defendant DISTRICT COUNCIL 37, AFSCME AFL-CIO, LOCAL 2507 ("Local 2507") was and still is a labor organization with its principal place of business located in the County of New York, State of New York.

95.     The Defendant DISTRICT COUNCIL 37, AFSCME AFL-CIO, LOCAL 3621 ("Local 3621") was and still is a labor organization with its principal place of business located in the County of New York, State of New York.

96.     The Defendants JOHN DOE #1-10 ("John Doe") are unknown persons who have directly participated in, have knowledge of, and have had personal involvement in the deprivation of the Plaintiffs' constitutional rights.

97.     The Defendants JANE DOE #1-10 ("Jane Doe") are unknown persons who have directly participated in, have knowledge of, and have had personal involvement in the deprivation of the Plaintiffs' constitutional rights.

98.     This is a civil action seeking injunctive relief, declarative judgment relief to protect the Plaintiffs' constitutional rights to due process and property rights (U.S. Constitution, Fourteenth Amendment).

99.     This is a civil action seeking a monetary damages award on behalf of the Plaintiffs and against the FDNY, Nigro, and NYC pursuant to 42 U.S.C. § 1983 for a violation of the Plaintiffs' constitutional rights to due process and property rights (U.S. Constitution, Fourteenth Amendment).

100.    This is a civil action seeking a monetary damages award on behalf of the Plaintiffs and against the FDNY, Nigro, NYC, DC37, and Garrido pursuant to 42 U.S.C. § 1983 for a conspiracy to violate the Plaintiffs' constitutional rights to due process and property rights (U.S. Constitution, Fourteenth Amendment).

101.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

102.    This Court has personal jurisdiction over the Defendants.

103.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(d), because, the Defendants have offices within this judicial district.

## II.   FACTS

### A.   Plaintiffs

104.   Out of the eighty-six (86) Plaintiffs, sixty (60) Plaintiffs have not taken a COVID-19 vaccine.

105.   Twenty-seven (27) Plaintiffs have become vaccinated and have returned to active duty with the FDNY ("Vaccinated Plaintiffs")

106.   The twenty-seven (27) Plaintiffs are seeking back pay for any period of time that they were on a suspension without pay in violation of their constitutional rights.

107.   The Vaccinated Plaintiffs are: Bottalico, Baudille, Costello, DiTrani, Ettinger, Filocamo, Garvey, Mastropietro, Mulligan, O'Keefe, Perrone, Penoro, Ruggiero, Johnson, Vasquenz, Fay, Buttafuoco, Atwell, Koval, Curto, Stroh, Twomley, Fadda, Summerfield, McGeough, Colon, and Yuli.

108.   The Plaintiffs are either: (1) officers in the FDNY; or (2) uniformed firefighters in the FDNY; or (3) emergency medical services personnel employed by the FDNY, but in any event are entitled to due process pursuant to N.Y.C. Administrative Code § 15-113.

109.   The Plaintiffs are:

      (a)      Officers (Bottalico, Heaton, Evans, Raimondi, Johnson, Parr, Connor, Ettinger, Henesy, Santiago, DiTrani, Fay, John, Leahy, Cardazone, Dychkowski, Darcy);

      (b)      Fire fighters (Garland, Bevilacqua, Cicero, Columbia, Costello, Daly, Defonte, DeForest, DePaola, Doyle, Filocamo, Garvey, Guarneiri, OShea, Lynch, O'Keeffe, Smith, Pflumm, Schweit,

Button, Sinclair, Baudille, Dreher, Olsen, Penoro, Mulligan, Santana, Perrone, Mastropietro, Taylor, Ruggiero, Murdocca, Klein, Vasquenz, Hall, Pierre, Denzler, McGoff, Palmieri, Inguagiato, Murphy, Depaola, Buttafuoco, Samolis, Atwell, Matthew, Clapp, Koval, Amore, Curto, Stroh, Young, Erkman, Twomley, Rivicci, Fadda, Summerfield, McGeough, Phillips, Infante, Mejia, Charles, Saez, Colon, Fitzgerald, Yuli);

(c)     Employees of the Emergency Medical Service (Loth, Tsang, Fejes)

**B.     Defendants**

1.     <u>FDNY, Nigro, and NYC</u>

110.     The FDNY is a State actor.

111.     Nigro was the Commissioner of the FDNY during all relevant times that are at issue in this Action.

112.     Nigro is a State actor.

113.     NYC is a State actor.

2.     <u>UFOA</u>

114.     The UFOA is the sole collective bargaining agent for the unit consisting of all Lieutenants, Captains, Battalion Chiefs, Deputy Chiefs except those Deputy Chiefs designated as Deputy Assistant Chief of Department, Assistant Chief of Department, and Chief in Charge and Fire Medical Officers, and Supervising Fire Marshals employed by the Employer in the Fire Department of the City of New York.

115.     Out of the 86 Plaintiffs, 17 Plaintiffs are members of the UFOA.

116.     The UFOA is named as a necessary party to this Action.

3.      Uniformed Firefighters

117.    The Uniformed Firefighters is the sole collective bargaining agent for the unit consisting of all firefighters and fire marshals (uniformed) employed by the FDNY.

118.    Out of the 86 Plaintiffs, 66 Plaintiffs are members of the Uniformed Firefighters.

119.    Uniformed Firefighters is named as a necessary party to this Action.

4.      DC37, Garrido, Local 2507, and Local 3621

120.    DC37 is the sole collective bargaining agent for employees of the FDNY employed in emergency medical services.

121.    Garrido is the Executive Director of DC37.

122.    Out of the 86 Plaintiffs, 3 Plaintiffs are members of DC37.

123.    Local 2507 is the bargaining agent for uniformed emergency medical technicians, paramedics, and fire inspectors employed by the FDNY.

124.    Local 2507 is named as a necessary party to this Action.

125.    Local 3621 is the bargaining agent for the officers in the emergency medical services in the FDNY.

126.    Local 3621 is named as a necessary party to this Action.

**C.      New York Commissioner Of Health's COVID Vaccine Mandate**

127.    On October 20, 2021, the New York City Commissioner of Health issued an Order requiring all NYC employees and certain NYC contractors to obtain a COVID-19 NYC employees, contractors and others to obtain a COVID-19 vaccine.  *See,* **Exhibit A,** a copy of the October 20, 2021 Order of the Commissioner of Health and Mental Hygiene ("Vaccine Mandate Order").

128.    The Vaccine Mandate Order required all NYC employees and certain NYC contractors to provide proof of vaccination no later than October 29, 2021.  *See,* **Exhibit A.**

**D.      Impact Bargaining With UFOA, Uniformed Firefighters, and DC37**

129.    Pursuant to the Taylor Law (N.Y. Civil Service Law § 200, *et. seq.*), NYC was required to bargain with its unions the impact of the Vaccine Mandate Order.

130.    The UFOA did not reach a negotiated settlement with NYC regarding the impact of the Vaccine Mandate Order on their members.

131.    The Uniformed Firefighters did not reach a negotiated settlement with NYC regarding the impact of the Vaccine Mandate Order on their members.

132.    In fact, the Uniformed Firefighters, properly, challenged the Vaccine Mandate in numerous venues, including New York State Supreme Court and before the Public Employment Relations Board ("PERB").

133.    DC37 entered into an agreement with NYC regarding the impact of the Vaccine Mandate, which provides that on or after December 1, 2021, NYC may unilaterally separate DC37 members from their employment with the FDNY if the members have not obtained a COVID-19 vaccine.  *See,* **Exhibit B,** a copy of the DC37 agreement, at page 10.

**E.      DC37's Agreement With NYC Violated The Plaintiffs' Constitutional Rights**

134.    DC37's Agreement with NYC authorized NYC to suspend without pay the members of DC37 who did not take a COVID vaccine, thus violating the DC37 members-Plaintiffs' constitutional rights to due process.

135.    DC37's Agreement, authorized NYC to suspend without pay the members of DC37 who did not take a COVID vaccine, thus the DC37 members-Plaintiffs' constitutional property right to their pay.

136.    DC37 conspired with NYC by entering into an agreement with NYC that violated the DC37 members-Plaintiffs' constitutional rights.

137.    Garrido conspired with the NYC by entering into an agreement with NYC that violated the DC37 members-Plaintiffs' constitutional rights.

138.    DC37 conspired with Nigro by entering into an agreement with NYC that violated the DC37 members-Plaintiffs' constitutional rights.

139.    Garrido conspired with Nigro by entering into an agreement with NYC that violated the DC37 members-Plaintiffs' constitutional rights.

140.    As a result of the conspiracy between the DC37 and NYC, the DC37 members-Plaintiffs' constitutional rights have been violated.

141.    As a result of the conspiracy between the DC37 and Nigro, the DC37 members-Plaintiffs' constitutional rights have been violated.

142.    As a result of the conspiracy between Garrido and NYC, the DC37 members-Plaintiffs' constitutional rights have been violated.

143.    The DC37-members-Plaintiffs have suffered without pay since on or about November 1, 2021 and continue every day in violation of their constitutional property right interest in their pay.

**F.     Reasonable Accommodation Requests**

144.   As part of NYC's implementation of the Vaccine Mandate Order, NYC has offered those FDNY employees who have either a medical or religious reason for not taking a vaccine an opportunity to seek a reasonable accommodation to exempt the employee from the Vaccine Mandate Order.

145.   Out of the eighty-six (86) Plaintiffs, seventy-seven (77) have sought an exemption from the Vaccine Mandate Order.

146.   Out of the 77 Plaintiffs who have sought an exemption zero (0) Plaintiffs have received an exemption.

147.   Out of the 77 Plaintiffs who did not receive an exemption 71 Plaintiffs have been denied an exemption, 6 are awaiting an initial determination.

148.   Out of the 71 Plaintiffs who have been denied an exemption 37 Plaintiffs have appealed the denial of the reasonable accommodation exemption.

149.   Out of the 37 Plaintiffs who appealed the denial, zero (0) Plaintiffs have been granted the exemption on appeal.

150.   Out of the 37 Plaintiffs who appealed the denial, one (1) Plaintiff has been denied the exemption on appeal and the other 36 are awaiting a decision on their appeal.

**************

151.   The Plaintiffs' constitutional rights have been trampled on by the FDNY.

152.   The Plaintiffs' constitutional rights have been trampled on by Nigro.

153.   The Plaintiffs' constitutional rights have been trampled on by NYC.

154.   The Plaintiffs' constitutional rights have been trampled on by DC37.

155.    The Plaintiffs' constitutional rights have been trampled on by Garrido.

**G.    Class Allegations**

156.    NYC's suspension of the Plaintiffs without pay without due process was pursuant to policies, customs, and/or practices of NYC.

157.    FDNY's suspension of the Plaintiffs without pay without due process was pursuant to policies, customs, and/or practices of the FDNY.

158.    The decision by DC37 to enter into the agreement with NYC was pursuant to policies, customs, and/or practices of DC37.

159.    Plaintiffs, on behalf of themselves and of the class of similarly situated persons, seek an Order declaring that NYC's unilateral decision to suspend the Plaintiffs without pay without due process was unconstitutional.

160.    Plaintiffs, on behalf of themselves and of the class of similarly situated persons, seek an Order declaring that the FDNY's unilateral decision to suspend the Plaintiffs without pay without due process was unconstitutional.

161.    Plaintiffs, on behalf of themselves and of the class of similarly situated persons, seek an Order declaring that NYC's unilateral decision to suspend the Plaintiffs without pay without due process was illegal.

162.    Plaintiffs, on behalf of themselves and of the class of similarly situated persons, seek an Order declaring that the FDNY's unilateral decision to suspend the Plaintiffs without pay without due process was illegal.

163.    Plaintiffs, on behalf of themselves and of the class of similarly situated persons, seek an Order declaring that the agreement between NYC and DC37 was illegal and unenforceable.

164.     Plaintiffs bring this Action on their own behalf and on behalf of all persons similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(3).   Plaintiffs seek a certification of a class defined as follows: All FDNY employees suspended without pay for not taking the COVID-19 vaccine who have a statutory or contractual right to charges and a hearing before the employee is disciplined or terminated.

165.     Pursuant to Federal Rule of Civil Procedure 23(a), the members of the class are so numerous that joinder of all members is impractical.   Plaintiffs do not know the exact number of class members.   Plaintiffs are informed and believe, and thereupon allege that there are more than 100 persons in the class defined above.

166.     Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiffs are informed and believe, and thereupon allege, that there are question of law and fact common to the class, including but not limited to:

(a)     Whether a FDNY officer or member of the uniformed force possesses a property-based, procedural due process right to their pay pursuant to the Fourteenth Amendment to the United States Constitution;

(b)     Whether a FDNY officer or member of the uniformed force possesses a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.;

167.     Pursuant to Federal Rules of Civil Procedure 23(a), Plaintiffs' claims are typical of the class they seek to represent.   The Plaintiffs have all been suspended without pay without due process.   Plaintiffs have the same interests and have suffered the same type of injuries as the proposed class.   Each proposed class member suffered actual damages as a result of the challenged conduct.   Plaintiffs' claims arose because of the FDNY's policies, customs, and/or practices.

168.     Pursuant to Federal Rules of Civil Procedure 23(a), Plaintiffs' claims are typical of the class they seek to represent.   The Plaintiffs have all been suspended without pay without due process.   Plaintiffs have the same interests and have suffered the same type of injuries as the proposed class.   Each proposed class member suffered actual damages as a result of the

challenged conduct. Plaintiffs' claims arose because of the FDNY's policies, customs, and/or practices.

169. Pursuant to Federal Rules of Civil Procedure 23(a), Plaintiffs' claims are typical of the class they seek to represent. The Plaintiffs have all been suspended without pay without due process. Plaintiffs have the same interests and have suffered the same type of injuries as the proposed class. Each proposed class member suffered actual damages as a result of the challenged conduct. Plaintiffs' claims arose because of the FDNY's policies, customs, and/or practices.

170. Plaintiffs' claims arose because of the DC37's policies, customs, and/or practices.

171. Plaintiffs' counsel has the resources, experience, and expertise to successfully prosecute this Action against Defendants. Counsel knows of no conflicts among members of the class, or between counsel and any members of the class.

172. Pursuant to Federal Rules of Civil Procedure 23(b)(3), upon certification, class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. If this action is certified as a class action, Plaintiffs contemplate that individual notice will be given to class members, at such last known address by first class mail, as well as notice by publication informing them of the following:

i. The pendency of the class action and the issues common to the class;

ii. The nature of the action;

iii. Their right to "opt-out" of the action within a given time, in which event they will not be bound by a decision rendered in the class action;

iv. Their right to "opt-out" to be represented by their own counsel and to enter an appearance in the case; otherwise they will be represented by the named class plaintiffs and their counsel; and

v. Their right, if they do not "opt-out" to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

## III.   CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR DECLARATORY JUDGMENT

173.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 172, as if fully set forth herein.

174.    The Plaintiffs are officers or members of the uniformed force.

175.    The Plaintiffs are employees that possess N.Y.C. Administrative Code § 15-113 rights.

176.    The Plaintiffs have been suspended without pay without due process in violation of their statutory rights.

177.    There is an actual controversy over whether what the FDNY did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights.

178.    There is an actual controversy over whether what NYC did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights.

179.    The Plaintiffs request an Order declaring that what the FDNY did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights to due process and to their pay without due process.

180.    The Plaintiffs request an Order declaring that what NYC did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights to due process and to their pay without due process.

181.    The Plaintiffs have no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT

182.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 181, as if fully set forth herein.

183.    The Plaintiffs have been suspended without pay without due process in violation of their statutory and/or contractual rights and NYC relies upon the agreement between DC37 and NYC as the basis for the Plaintiffs' suspension without pay.

184.    There is an actual controversy over the contractual authority DC37 and NYC had to enter into the agreement.

185.    The Plaintiffs request an Order declaring that the agreement between DC37 and NYC was entered into without any contractual authority.

186.    The Plaintiffs request an Order declaring that the agreement between DC37 and NYC was entered into without any contractual authority and therefore, the NYC's suspension of the Plaintiffs without pay and without due process, violated the Plaintiffs' Fourteenth Amendment rights to due process and to their pay.

187.    The Plaintiffs have no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR PERMANENT INJUNCTION

188.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 187, as if fully set forth herein.

189.    The Plaintiffs have a high likelihood of success on the merits because the Plaintiffs possess a property-based, procedural due process right to their pay pursuant to the Fourteenth Amendment to the United States Constitution.

190.    The Plaintiffs have a high likelihood of success on the merits because the Plaintiffs possess a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.

191.    The Plaintiffs have a high likelihood of success on the merits because the FDNY has violated their property-based, procedural due process right to their pay.

192.    The Plaintiffs have a high likelihood of success on the merits because NYC has violated their property-based, procedural due process right to their pay.

193.    The Plaintiffs have a high likelihood of success on the merits because the FDNY has violated their property-based, procedural due process right to their pay.

194.    The Plaintiffs have a high likelihood of success on the merits because NYC has violated their property-based, procedural due process right to their pay.

195.    The violation of the Plaintiffs' constitutional rights constitutes irreparable harm.

196.    Without a permanent injunction, the Plaintiff will have no adequate remedy at law.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST THE FDNY, NIGRO, NYC, JOHN DOE AND JANE DOE

197.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 196, as if fully set forth herein.

198.    NYC subjected the Plaintiffs to the foregoing acts and omissions without due process of law in a violation of 42 U.S.C. § 1983 thereby depriving Plaintiffs of their rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution

199.    The FDNY subjected the Plaintiffs to the foregoing acts and omissions without due process of law in a violation of 42 U.S.C. § 1983 thereby depriving Plaintiffs of their rights,

privileges and immunities secured by the Fourteenth Amendment of the United States Constitution.

200. NYC through its actions, violated the Plaintiffs' due process rights guaranteed to the Plaintiffs by statute, namely, N.Y.C. Administrative Code § 15-113 under the Fourteenth Amendment of the United States Constitution.

201. The FDNY through its actions, violated the Plaintiffs' due process rights guaranteed to the Plaintiffs by statute, namely, N.Y.C. Administrative Code § 15-113 under the Fourteenth Amendment of the United States Constitution.

202. The Plaintiffs were not provided the opportunity for a fair hearing prior to being deprived of a constitutionally protected property interest, namely their pay.

203. NYC was barred by statute and/or contract from suspending the Plaintiffs without pay without due process.

204. The FDNY was barred by statute and/or contract from suspending the Plaintiffs without pay without due process.

205. The Plaintiffs, as public employees, who can only be discharged for cause, have a constitutionally protected property interest in his job, and could not be suspended without pay without due process.

206. NYC has denied Plaintiff due process of law by not providing a hearing before an impartial hearing officer resulting in a wrongful, and unlawful leave of absence, and a termination of a constitutionally protected liberty or property interest.

207. The FDNY has denied Plaintiff due process of law by not providing a hearing before an impartial hearing officer resulting in a wrongful, and unlawful leave of absence, and a termination of a constitutionally protected liberty or property interest.

208.    The FDNY, Nigro, NYC, John Doe and Jane Doe, acting under color of law, and through their employees, servants, agents and designees, have engaged in a course of action and behavior rising to the level of a policy, custom, and condoned practice, which has deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws in violation of 42 U.S.C. § 1983. These actions were condoned, adopted and fostered by policy makers including but not limited to Nigro, John Doe and Jane Doe.

209.    As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continue to suffer irreparable harm, loss of income, loss of other employment benefits, injury to reputation and good name, damage to their family status, being subjected to scandalous claims and investigations and have suffered and continues to suffer distress, humiliation, great expense, embarrassment, familial distress, and damages to their reputation.

210.    As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continues to suffer suspension, leave of absence, diminished employment, and have suffered and continues to suffer distress, humiliation, familial distress, great expense, embarrassment and damage to their reputation.

211.    As a result of NYC's acts, Plaintiffs suffered and are entitled to, damage sustained to date and continuing in a sum in excess of the jurisdictional limits of all State Courts which might otherwise have jurisdiction and this Court, costs and attorney's fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

212.    As a result of the FDNY's acts, Plaintiffs suffered and are entitled to, damage sustained to date and continuing in a sum in excess of the jurisdictional limits of all State Courts which might otherwise have jurisdiction and this Court, costs and attorney's fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

213.    As a result of the Nigro's acts, Plaintiffs suffered and are entitled to, damage sustained to date and continuing in a sum in excess of the jurisdictional limits of all State Courts

which might otherwise have jurisdiction and this Court, costs and attorney's fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

214.   As a result of the John Doe's acts, Plaintiffs suffered and are entitled to, damage sustained to date and continuing in a sum in excess of the jurisdictional limits of all State Courts which might otherwise have jurisdiction and this Court, costs and attorney's fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

215.   As a result of the Jane Doe's acts, Plaintiffs suffered and are entitled to, damage sustained to date and continuing in a sum in excess of the jurisdictional limits of all State Courts which might otherwise have jurisdiction and this Court, costs and attorney's fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST THE FDNY, NIGRO, NYC, DC37, and GARRIDO

216.   The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 215, as if fully set forth herein.

217.   The FDNY is a State actor.

218.   NYC is a State actor.

219.   Nigro is a State actor.

220.   DC37 conspired with NYC to enter into an agreement with NYC that resulted in a violation of the Plaintiffs' constitutional rights.

221.   Garrido conspired with NYC to enter into an agreement with NYC that resulted in a violation of the Plaintiffs' constitutional rights.

222.   The agreement between DC37 and NYC was the cover given to NYC to subject the Plaintiffs to suspension without pay without due process of law in a violation of 42 U.S.C. §

1983 thereby depriving Plaintiffs of their rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution.

223.   DC37 and Garrido conspired with NYC and Nigro to provide NYC and Nigro with a basis to suspend the Plaintiffs without pay even though the agreement between DC37 and NYC violated the Plaintiffs' constitutional rights.

224.   NYC through its actions, violated the Plaintiffs' due process rights guaranteed to the Plaintiffs by statute (N.Y.C. Administrative Code § 15-113) under the Fourteenth Amendment of the United States Constitution.

225.   DC37 conspired with NYC to violate the Plaintiffs' due process rights guaranteed to the Plaintiffs by statute (N.Y.C. Administrative Code § 15-113) under the Fourteenth Amendment of the United States Constitution.

226.   Garrido conspired with NYC to violate the Plaintiffs' due process rights guaranteed to the Plaintiffs by statute (N.Y.C. Administrative Code § 15-113) under the Fourteenth Amendment of the United States Constitution.

227.   NYC conspired with DC37 to violate the Plaintiffs' due process rights guaranteed to the Plaintiffs by statute (N.Y.C. Administrative Code § 15-113) under the Fourteenth Amendment of the United States Constitution.

228.   Nigro conspired with DC37 to violate the Plaintiffs' due process rights guaranteed to the Plaintiffs by statute (N.Y.C. Administrative Code § 15-113) under the Fourteenth Amendment of the United States Constitution.

229.   The Plaintiffs were not provided the opportunity for a fair hearing prior to being deprived of a constitutionally protected property interest, namely their pay.

230.   NYC is barred by statute and/or contract from suspending the Plaintiffs without pay without due process.

231.    But-for the agreement between the DC37 and NYC, NYC would not have had any justification for the violation of the Plaintiffs' constitutional rights.

232.    The Plaintiffs, as public employees, who can only be discharged for cause, have a constitutionally protected property interest in his job, and could not be suspended without pay without due process.

233.    As a result of the DC37 and NYC conspiracy, NYC has denied Plaintiff due process of law by not providing a hearing before an impartial hearing officer resulting in a wrongful, and unlawful leave of absence, and a termination of a constitutionally protected liberty or property interest.

234.    NYC, Nigro, John Doe and Jane Doe, acting under color of law, and through their employees, servants, agents and designees, have engaged in a course of action and behavior rising to the level of a policy, custom, and condoned practice, which has deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws in violation of 42 U.S.C. § 1983. These actions were condoned, adopted and fostered by policy makers including but not limited to Nigro, John Doe and Jane Doe.

235.    NYC and Nigro in a conspiracy with DC37 and Garrido acting under color of law, and through their employees, servants, agents and designees, have engaged in a course of action and behavior rising to the level of a policy, custom, and condoned practice, which has deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws in violation of 42 U.S.C. § 1983.

236.    As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continue to suffer irreparable harm, loss of income, loss of other employment benefits, injury to reputation and good name, damage to their familial status, being subjected to scandalous claims and investigations and have suffered and continues to suffer distress, humiliation, great expense, embarrassment, familial distress,  and damages to their reputation.

237.    As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continues to suffer suspension, leave of absence, diminished employment, and have suffered and continues to suffer distress, humiliation, great expense, embarrassment and damage to their reputation.

238.    As a result of the conspiracy between NYC, Nigro, DC37, and Garrido, Plaintiffs suffered and are entitled to, damage sustained to date and continuing in a sum in excess of the jurisdictional limits of all State Courts which might otherwise have jurisdiction and this Court, costs and attorney's fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

239.    As a result of NYC's acts, Plaintiffs suffered and are entitled to, damage sustained to date and continuing in a sum in excess of the jurisdictional limits of all State Courts which might otherwise have jurisdiction and this Court, costs and attorney's fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR DIRECT PARTICIPATION AND AIDING AND ABETTING IN VIOLATION OF 42 U.S.C. § 1983 AGAINST THE NIGRO, GARRIDO, JOHN DOE AND JANE DOE

240.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 239, as if fully set forth herein.

241.    Nigro, Garrido, John Doe, and Jane Doe, individually and collectively did foster and encourage NYC to violate the Plaintiffs' constitutional rights.

242.    Nigro, Garrido, John Doe, and Jane Doe, individually and collectively, jointly and severally, violated the Plaintiffs' constitutional rights when they failed to stop NYC from suspending the Plaintiffs without pay without due process.

243.    Nigro, Garrido, John Doe, and Jane Doe, individually and collectively knew and had reason to know that NYC violated the Plaintiffs' constitutional rights when NYC suspended the Plaintiffs without pay without due process.

244.    Nigro, Garrido, John Doe, and Jane Doe, individually and collectively jointly and severally, did foster and encourage NYC to violate the Plaintiffs' constitutional rights by suspending the Plaintiffs without pay without due process.

245.    Based on the foregoing, Nigro, Garrido, John Doe, and Jane Doe directly participated in and/or tacitly condoned the violation of the Plaintiffs' constitutional rights, violating 42 U.S.C.§ 1983.

**WHEREFORE,** the Plaintiffs demand judgment:

(1)    on the First Cause of Action for a declaratory judgment, declaring that what: (1) the FDNY did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights to due process and to their pay without due process; and (2) NYC did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights to due process and to their pay without due process and

(2)    on the Second Cause of Action for a declaratory judgment, declaring that the agreement between DC37 and NYC was entered into without any contractual authority and therefore, the NYC's suspension of the Plaintiffs without pay and without due process, violated the Plaintiffs' Fourteenth Amendment rights to due process and to their pay; and

(3)    on the Third Cause of Action for a permanent injunction, enjoining the FDNY and NYC from violating the Plaintiffs' constitutional rights;

(4)    on the Fourth Cause of Action for violation of 42 U.S.C. § 1983 against the FDNY, Nigro, NYC, John Doe, and Jane Doe for violations of the Plaintiffs' Fourteenth Amendment constitutional rights, seeking compensation for damages sustained by the Plaintiffs to date and continuing in a sum to be determined at trial; and

(5)    on the Fifth Cause of Action for violation of 42 U.S.C. § 1983 against the FDNY, Nigro, NYC, DC37, Garrido, John Doe, and Jane Doe for violations of the Plaintiffs' Fourteenth Amendment constitutional rights, seeking compensation for damages sustained by the Plaintiffs to date and continuing in a sum to be determined at trial; and

(6)    on the Sixth Cause of Action for violation of 42 U.S.C. § 1983 against Nigro, Garrido, John Doe, and Jane Doe for direct participation in and aiding and abetting of the violation of the Plaintiffs' Fourteenth

Amendment constitutional rights, seeking compensation for damages sustained by the Plaintiffs to date and continuing in a sum to be determined at trial; and

(7)     on all causes of action, an award of attorneys' fees, and costs; and

(8)     such other and further relief the Court deems just and fair.

Dated:     Carle Place, New York
           January 5, 2022

                                        Austin Graff
                                        THE SCHER LAW FIRM, LLP
                                        One Old Country Road, Suite 385
                                        Carle Place, New York 11514
                                        (516) 746-5040