UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

John GARLAND, et al.,

               *Plaintiff*,

     v.

CITY OF NEW YORK, et al.,

               *Defendant*s.

------------------------------------X

**MEMORANDUM & ORDER**

21-cv-6586(KAM)(CLP)

**KIYO A. MATSUMOTO, United States District Judge:**

Named Plaintiffs, employees of the New York City Fire Department ("FDNY")[1], commenced this action on November 24, 2021, against the City of New York, then-FDNY Commissioner Daniel A. Nigro, and unnamed John and Jane Does (collectively, "City Defendants"). (ECF No. 1, Complaint ("Compl.").) Defendants were responsible for implementing and enforcing the City's COVID-19 vaccination mandate ("Vaccine Mandate") covering all City employees, as detailed in an October 20, 2021 order issued by the Commissioner of Health ("COH Order") requiring all City employees to provide documentation of at least a first dose of a COVID-19 vaccine by October 29, 2021 or be "excluded from the premises at which they work[ed] beginning on November 1, 2021." (ECF No. 15-1, Exhibit A ("Ex. A") at 3.)  The day after the COH Order was

---

[1] Named Plaintiffs include FDNY officers, firefighters, and employees of the Emergency Medical Service ("EMS").  (ECF No. 27, Amended Complaint ("Amended Compl.") at ¶¶ 1-86, 108-09.)

issued, on October 21, 2021, the FDNY issued a memorandum notifying FDNY employees about the Vaccine Mandate, the COH Order, and the procedures for FDNY employees to obtain a religious or medical accommodation ("October Memorandum").   The Vaccine Mandate was revoked by the City on February 10, 2023 and is no longer in effect.[2]

At the time the original complaint was filed on November 24, 2021, Plaintiffs had not received at least one dose of the COVID-19 vaccine, and had been suspended without pay, at least temporarily, by FDNY.[3]   (ECF No. 1, Compl. at ¶¶ 62-63, 65.) Plaintiffs sought preliminary injunctive relief and asserted that the implementation of the Vaccine Mandate and subsequent consequences violated their procedural due process rights by violating (a) their statutory rights to a specific removal process under N.Y.C. Admin. Code § 15-113 and (b) their contractual rights to a specific removal process under their applicable collective bargaining agreements ("CBA").   (*Id.* at ¶¶ 67-71, 99-109.) Plaintiffs also asserted claims under 42 U.S.C. § 1983 against

---

[2] *See* N.Y.C. Board of Health, Order Rescinding Orders Requiring COVID-19 Vaccination in Child Care and Early Intervention Programs, for Nonpublic School Staff, and for Individuals Working in Certain Child Care Programs (2023); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) ("[A] district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6).").

[3] The original complaint stated that nine Plaintiffs had been "returned to pay status," but did not state if those Plaintiffs had received at least one dose of the COVID-19 vaccine.   (ECF No. 1, Compl. at ¶ 65.)   Since then, at least 27 Plaintiffs have become vaccinated and "have returned to active duty" at FDNY. (ECF No. 27, Amended Compl. at ¶ 105.)

City Defendants for violating Plaintiffs' procedural due process rights, and a claim against Defendant Nigro for his alleged participation in these violations. (*Id.* at ¶ 110-15.)

On November 24, 2021, Plaintiffs moved for a preliminary injunction to restore them to pay status and prohibit City Defendants from "disciplining" them further. (ECF No. 5, Motion for Preliminary Injunction.) After providing the parties with an opportunity to present evidence and submissions before, during, and after a show cause hearing, the Court denied Plaintiffs' motion for injunctive relief in a Memorandum and Order ("December 2021 Order") dated December 6, 2021. (ECF No. 24, Order Denying Preliminary Injunction ("December 2021 Order").)

Plaintiffs filed an amended complaint ("Amended Complaint"), adding Defendants District Council 37, AFSCME AFL-CIO ("DC37"), a union that represents FDNY's emergency medical services ("EMS") employees, and Harry Garrido, DC37's Executive Director

(collectively, "DC37 Defendants").[4]   (ECF No. 27, Amended Complaint ("Amended Compl.") at ¶¶ 92-93, 120-21.)

Presently before the Court are City Defendants' motion to dismiss and DC37 Defendants' motion to dismiss. For the reasons set forth below, Defendants' motions to dismiss are GRANTED.

## BACKGROUND

The Court first reviews the factual and procedural background of the Court's December 2021 Order denying Plaintiffs' motion for a preliminary injunction.  (ECF No. 24, December 2021 Order, at 3-6.)   The Court also reviews the operative Amended Complaint, accepting as true for purposes of Defendants' motions the factual allegations in the complaint and drawing all reasonable inferences in Plaintiffs' favor.  *Melendez v. City of New York*, 16 F.4th 992, 1010 (2d Cir. 2021).  The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Drimal v. Tai*, 786 F.3d 219, 223 (2d. Cir. 2015) (internal quotation marks omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the

---

[4] The Court granted leave to Plaintiffs to file an amended complaint, *inter alia*, to add necessary parties.   (ECF No. 24, December 2021 Order at 8; 12/14/2021 Order.)   The Amended Complaint added the Uniformed Firefighters Association of Greater New York; Uniformed Fire Officers Association, Local 854 International Association of Firefighters, affiliated with the AFL-CIO; and two local affiliates of the DC37 union, District Council 37 AFSCME AFL-CIO Local 2507 and District Council 37 AFSCME AFL-CIO Local 3621.   (ECF No. 24, December 2021 Order at 7; ECF No. 27, Amended Compl.)   Plaintiffs stipulated to dismissals without prejudice of their claims against each of these defendants.  (ECF Nos. 63-66.)

allegations contained in [an amended] complaint is inapplicable to legal conclusions.").

## I.   December 2021 Order

In the Court's December 2021 Order, the Court determined that because Plaintiffs requested a mandatory injunction—one that "alters the status quo by commanding a positive act"—they were required to establish a "clear" or "substantial" likelihood of success on the merits of their claims. (ECF No. 24, December 2021 Order, at 6 (citing *D.D. ex rel. V.D. v. N.Y.C. Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (citation omitted)).) The Court found that Plaintiffs failed to do so and denied injunctive relief.[5] (*Id.* at 10.)

First, as to Plaintiffs' procedural due process claims, although Plaintiffs had a protected property interest in their pay and continued employment, the Court found that Plaintiffs had been

---

[5] The evidentiary record before the Court regarding Plaintiffs' motion for injunctive relief included the following: an affidavit by Plaintiffs' attorney Austin Graff (ECF No. 5-1); affidavits by four individual Plaintiffs who had not received at least one dose of the COVID-19 vaccine (ECF Nos. 5-2, 5-3, 5-4, 5-5); the COH Order (ECF No. 15-1); an arbitration award between the Department of Education ("DOE") and an union of DOE employees regarding an exemption process for the Vaccine Mandate based on religious and medical requests (ECF No. 15-2); an agreement between DC37 and FDNY regarding exemption processes for the Vaccine Mandate and termination processes based on non-compliance ("DC37 Agreement") (ECF No. 15-3; ECF No. 21-1); filings from an Article 78 proceeding initiated by an FDNY union challenging the Vaccine Mandate (ECF Nos. 15-4, 15-5); filings from an Office of Collective Bargaining ("OCB") proceeding initiated by an FDNY union challenging the Vaccine Mandate (ECF Nos. 15-6, 15-7, 15-8); the OCB decision denying injunctive relief to the FDNY union (ECF No. 15-9); affidavits from three human resources officials at FDNY (ECF Nos. 15-10, 20-1, 20-2); and the FDNY's October Memorandum regarding the procedures for FDNY employees to provide proof of vaccination or to obtain a religious or medical exemption (ECF No. 17-1).

provided constitutionally adequate process before being deprived of their property interests. (*Id.* at 10.)  Quoting the Second Circuit's holding in *Adams v. Suozzi*, 517 F.3d 124, 128 (2d Cir. 2008), the Court noted that "there is no due process violation where, as here, pre-deprivation notice is provided and the deprivation at issue can be fully remedied through the grievance procedures provided for in a collective bargaining agreement." (ECF No. 24, December 2021 Order at 14-15.)  The Due Process Clause would be implicated only if Plaintiffs could establish that "the grievance procedures in a collective bargaining agreement [were] an inadequate remedy," which Plaintiffs had not done. (*Id.* at 15 (quoting *Adams*, 517 F.3d at 128).)

During the show cause hearing for the preliminary injunction, the three EMS Plaintiffs who belonged to the DC37 union challenged the agreement that DC37 had negotiated with the City regarding the leave and separation procedures for City employees who did not comply with the Vaccine Mandate ("DC37 Agreement").[6]  (*Id.* at 5-

---

[6] The DC 37 Agreement established, in relevant part: (1) the processes by which an employee could request an exemption or accommodation based on religious and/or medical grounds, and appeal an adverse determination on their request before an independent arbitration panel (while remaining on payroll and maintaining health benefits pending their request or appeal, as long as the request was made prior to 11:59 P.M. on October 27, 2021); (2) options to either voluntarily separate from service with certain compensation benefits, or elect extended LWOP status while maintaining health benefits until June 30, 2022; and (3) that as of December 1, 2021, the FDNY could seek to unilaterally separate employees who had not provided proof of vaccination, had not obtained or requested an accommodation, and had not opted for either separation option. (*See* ECF No. 21-1, Exhibit C.)  The DC 37 Agreement further provided that employees who opted to extend their LWOP to June 30, 2022, could return to their positions upon demonstrating compliance with the Vaccine Mandate. (*Id.*)

6.)   The Court's December 2021 Order noted that, generally, "a union member has no standing to enforce the collective bargaining agreement between their employer and union against the employer directly," but that even if the EMS Plaintiffs *had* standing, they could not show a clear or substantial likelihood of success on the merits of their procedural due process claims.   (*Id.* at 8-9 (citation omitted).)

Overall, the Court concluded that "the pre-deprivation and post-deprivation processes afforded to Plaintiffs were constitutionally adequate."   (*Id.* at 16.)   The Court found the following:

> Plaintiffs received ample pre-deprivation notice, via the [October Memorandum] from Hodgens, the Chief of Operations of the FDNY, of: (1) the [COH] Order, (2) the requirement to submit proof of vaccination by October 29, 2021, (3) their ability to seek reasonable accommodation by October 27, 2021; and (4) their placement on [leave without pay] status if they failed to comply with the Order and did not submit an accommodation request by the October 27 deadline.

(*Id.* at 16-17.)   Moreover, the Court found that Plaintiffs were provided with an opportunity to be heard before a final decision. (*Id.* at 17.)   The opportunity to respond need not be a formal hearing.   *Ezekwo v. N.Y.C. Health & Hosps. Corp.,* 940 F.2d 775, 786 (2d Cir. 1991).   Indeed, any FDNY employees who challenged whether the Vaccine Mandate should apply to them not only "had the opportunity to seek a religious or medical accommodation," they also "remain[ed] on pay status pending the decision on their

7

request or appeal, so long as their accommodation requests were submitted prior to October 27, 2021." (ECF No. 24, December 2021 Order at 17.) This Court found that the only reason that the vast majority of named Plaintiffs had been suspended without pay was because they requested an accommodation too late. (*Id.* at 17.) Therefore, Plaintiffs could not claim that they were deprived of due process simply by "not having availed themselves of the pre-deprivation opportunity to be heard." (*Id.* at 18.)

The Court also concluded that there were sufficient post-deprivation procedures to establish constitutionally adequate process. (*Id.*) Any FDNY employee granted an accommodation would be restored to payroll and provided back pay, and there was an appeal process for any employee whose reasonable accommodation request was denied. (*Id.*) The Court further found that FDNY employees also had other avenues to challenge the Vaccine Mandate and the COH Order, including through an Article 78 Proceeding in New York State Supreme Court. (*Id.* at 20 (citing *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 881 (2d Cir. 1996) ("[A]n Article 78 proceeding is a perfectly adequate post-deprivation remedy.")).)

Second, because "[f]ederal constitutional standards rather than state statutes define the requirements of procedural due process," the Court found that it did not need to consider whether state or municipal procedural law, such as N.Y.C. Admin. Code §

15-113, was correctly followed or applied. (ECF No. 24, December 2021 Order, at 10-11 (quoting *Robison v. Via*, 821 F.2d 913, 923 (2d Cir. 1987)).) Nevertheless, the Court concluded that § 15-113 was irrelevant to determining adequate process for FDNY employees because (1) the Second Circuit had held that the Vaccine Mandate was a condition of employment (albeit in the healthcare context); and (2) "the termination of a public employee based on the employee's failure to satisfy a qualification of employment unrelated to job performance, misconduct, or competency [did] not implicate the disciplinary procedures set forth section 15-113." (*Id.* at 11, 13-14.)

Accordingly, the Court denied Plaintiffs' motion for a preliminary injunction.

## II. **The Operative Amended Complaint**

Following the Court's denial of Plaintiffs' preliminary injunction motion, Plaintiffs filed an Amended Complaint on January 5, 2022, adding the DC37 Defendants. (ECF No. 27, Am. Compl.) In the operative Amended Complaint, Plaintiffs assert primarily the same causes of action as in the original complaint, adding only (1) a request for the Court to issue a declaratory judgment that the DC37 Agreement "was entered into without any contractual authority" and therefore the Plaintiffs' suspension without pay violated their due process rights, and (2) a § 1983 conspiracy claim based on the DC37 Agreement between FDNY and DC37.

(*Id.* at ¶¶ 186, 238.)   Plaintiffs' Amended Complaint also adds several allegations related to the DC37 Agreement, including that (1) "[p]ursuant to the Taylor Law (N.Y. Civil Service Law § 200, *et. seq.*), [the City] was required to bargain with its unions [about] the impact of the Vaccine Mandate . . ."; (2) "DC37 entered into an agreement with [the City] regarding the impact of the Vaccine Mandate, which provides that on or after December 1, 2021, [the City] may unilaterally separate DC37 members from their employment with the FDNY if the members have not obtained a COVID-19 vaccine"; and (3) the DC37 Agreement "authorized [the City] to suspend without pay the members of DC37 who did not take a COVID vaccine." (*Id.* at ¶¶ 129, 133-43.)

The Amended Complaint also includes new factual allegations related to the reasonable accommodation and appeals process. (*Id.* at ¶¶ 144-50.)   The Amended Complaint alleges that as "part of [the City's] implementation of the Vaccine Mandate," the City "offered those FDNY employees who have either a medical or religious reasons for not taking a vaccine an opportunity to seek a reasonable accommodation to exempt the employee from the Vaccine Mandate." (*Id.* at ¶ 144.)   Plaintiffs allege in the Amended Complaint that seventy-seven out of the eighty-six total Plaintiffs have requested a medical or religious accommodation to be exempt from the Vaccine Mandate; seventy-one Plaintiffs have been denied and six were awaiting an initial determination; thirty-

10

seven Plaintiffs have appealed the denial of their request for a reasonable accommodation; and one Plaintiff's appeal has been denied, while thirty-six are awaiting a decision.  (*Id.*)

Finally, the Amended Complaint contains two exhibits: the COH Order, Exhibit A, and the DC37 Agreement, Exhibit B.[7]  (ECF No. 27-1, Ex. A; ECF No. 27-2, Exhibit B.)  Given that the Amended Complaint discusses the FDNY's reasonable accommodation policy at relative length, the Court also determines that the FDNY's October Memorandum regarding the procedures for FDNY employees to obtain a religious or medical accommodation—which was submitted by Plaintiffs to the Court prior to the show cause hearing—is "integral" to the Amended Complaint. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (a court may "consider [a document] where the [amended] complaint relies heavily upon its terms and effect, thereby rendering the document integral to the [amended] complaint" (internal quotation marks omitted)).  "Even where a document is deemed 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document."  *Id.* at 231 (internal quotation marks omitted).  "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the

---

[7] Although Plaintiffs submitted the DC37 Agreement as Exhibit B in the Amended Complaint, Plaintiffs later filed a letter stating that they incorrectly filed the wrong agreement and attaching a corrected Exhibit B.  (ECF No. 27-2, Exhibit B; ECF No. 62, Letter; ECF No. 62-1, Corrected Exhibit B.)

document . . . [because of] a concern that a plaintiff may lack notice that the material will be considered." *Id.* (internal quotation marks omitted).

Here, Plaintiffs' Amended Complaint alleges that there was a process for seeking reasonable accommodations from the Vaccine Mandate and discusses the number of Plaintiffs at various stages of the process; FDNY employees were notified of that process as provided in the FDNY's October Memorandum. Indeed, Plaintiffs' opposition to Defendants' motions to dismiss relies heavily on the FDNY's October Memorandum and argues that it was improperly imposed, thus causing a procedural due process violation. *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002) (documents are "integral" where plaintiff had to rely on their content "to explain what the actual unlawful course of conduct was on which the [d]efendants embarked"); (ECF No. 73, Plaintiffs' Mem. at 9-10.) The Court finds that the October Memorandum is integral to the Amended Complaint because Plaintiffs' allegations and opposition to Defendants' motions to dismiss rely on and relate to the document, thus establishing that Plaintiffs do not challenge its authenticity, accuracy or relevance. (ECF No. 73, Plaintiffs' Mem. at 2-4, 8-10.) Additionally, Plaintiffs submitted the October Memorandum to the Court before the show cause hearing on Plaintiffs' motion for a preliminary injunction, and it was discussed extensively at the

12

hearing and in the Court's December 2021 Order denying the motion for a preliminary injunction. (ECF Nos. 17-1, 24.) Accordingly, the Court concludes that the FDNY's October Memorandum is "integral" to the Amended Complaint.

### III. Defendants' Motions to Dismiss

On June 13, 2022, City Defendants moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 68, City Defendants' Motion; ECF No. 69, City Defendants' Memorandum in Support; ECF No. 75, City Defendants' Reply.) On June 14, 2022, DC37 Defendants also moved to dismiss under Rule 12(b)(6) for failure to state a claim. (ECF No. 71, DC37 Defendants' Motion; ECF No. 72, DC37 Defendants' Memorandum in Support; ECF No. 74, DC37 Defendants' Reply.)

On September 28, 2022, Plaintiffs filed for leave to provide supplemental briefing or amend their memorandum in opposition brief to Defendants' motions to dismiss regarding a recent New York Supreme Court decision about the Vaccine Mandate. (ECF No. 77, Motion to Amend.) City Defendants opposed. (ECF No. 78, Response.) On October 3, 2022, the Court denied Plaintiffs' motion, explaining that the Court would review all relevant case law in rendering its decision. (10/03/2022 Order.) On October 10, 2022, Plaintiffs filed a second motion to amend or supplement their briefing regarding an Office of Collective Bargaining ("OCB") decision about the Vaccine Mandate. (ECF No. 79, Second

13

Motion.)   The Court again denied Plaintiffs' motion, for the same reasons.   (10/13/2022 Order.)   On October 25, 2022, Plaintiffs filed a third motion to amend or supplement their briefing, regarding another New York Supreme Court decision about the Vaccine Mandate.   (ECF No. 82, Third Motion.)   The Court again denied Plaintiffs' motion.   (10/26/2022 Order.)

On February 13, 2023, in light of the City's announcement that it had discontinued the Vaccine Mandate for City employees on February 10, 2023, the parties were ordered to advise the Court of their respective views as to which issues in the instant action, if any, were mooted, and which issues subsisted.   (02/13/2023 Order.)   The parties responded, all acknowledging that some live issues remained, given that employees who had been suspended or terminated for failure to show proof of vaccination would not be automatically reinstated to their prior positions with back pay. (ECF Nos. 84; 85; 86.)

**LEGAL STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

14

conduct alleged." *Id*. When considering a motion to dismiss under Rule 12(b)(6), a district court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Pollok v. Chen*, 806 F. App'x 40, 44 (2d Cir. 2020) (summary order) (citation omitted).

In considering a 12(b)(6) motion, the court may refer to "documents attached to [the complaint] or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken." *Grant v. Cnty. of Erie*, 542 F. App'x 21, 23 (2d Cir. 2013) (summary order); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (clarifying that "*reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice of possession is not enough." (emphasis in original)). "[A] district court may [also] rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)[.]" *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998).

<u>**DISCUSSION**</u>

## I.   **Declaratory Judgment and Injunctive Relief**

In Plaintiffs' Amended Complaint, the first and second "causes of action" request a declaratory judgment, presumably under the Declaratory Judgment Act ("DJA"), and the "third cause of action" requests injunctive relief. (ECF No. 27, Amended

15

Compl.)  The DJA "provides a remedy, not a cause of action."  *KM Enters., Inc. v. McDonald*, No. 11-CV-5098 (ADS) (ETB), 2012 WL 4472010, at *19 (E.D.N.Y. Sept. 25, 2012), *aff'd*, 518 F. App'x 12 (2d Cir. 2013).  "Similarly to declaratory relief, a request for injunctive relief is not a separate cause of action."  *Id.* at *20 (alteration and internal quotation marks omitted); *see also Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406–07 (S.D.N.Y.2010) ("Declaratory judgments and injunctions are remedies, not causes of action.")  Because Plaintiffs' first, second, and third "causes of action" request remedies, rather than plead a separate claim, the first, second, and third "causes of action" are dismissed for failure to state a claim.

## II.  Procedural Due Process Claims

A procedural due process claim requires a plaintiff to establish that (1) he or she possesses a protected liberty or property interest, and (2) was deprived of that interest without constitutionally adequate process.  *See O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir. 2005); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002).  Pre-deprivation processes "need not be elaborate," and the Constitution "mandates only that such process include, at a minimum, notice and the

16

opportunity to respond." *O'Connor*, 426 F.3d at 198 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985).

Defendants argue that the law of the case doctrine precludes re-litigation of Plaintiffs' procedural due process claims, in light of the Court's comprehensive December 2021 Order denying a preliminary injunction. (ECF No. 69, City Defendants' Memorandum in Support, at 8-12.) The law of the case doctrine holds that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages of the same case,' unless 'cogent' and 'compelling' reasons militate otherwise." *Johnson v. Holder*, 564 F.3d 95, 99-100 (2d Cir. 2009) (emphasis added) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). The Court notes, however, that the "preliminary determination of likelihood of success on the merits in a ruling on a motion for preliminary injunction is ordinarily tentative, pending a trial or motion for summary judgment." *Goodheart Clothing Co., Inc. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 274 (2d Cir. 1992). The Court also acknowledges that "[a] party . . . is not required to prove [their] case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary

injunction are not binding at a trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (citations omitted).

The Court need not decide here whether the law of the case doctrine applies to prevent this Court's reconsideration of the factual and legal issues discussed in its December 2021 Order denying Plaintiffs' motion for a preliminary injunction. *Cf. Cangemi v. United States*, 13 F.4th 115, 140 (2d Cir. 2021) (the law-of-the-case doctrine is "discretionary and does not limit a court's power to reconsider its own decision prior to final judgment" (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992))).  As discussed below, however, the Court finds that (1) the Amended Complaint's factual allegations, which are mostly conclusory, add little to Plaintiffs' prior allegations; and (2) the legal analysis for the preliminary injunction in the December 2021 Order sufficiently overlaps with the issues—based on the current factual allegations and the asserted claims—before the Court on the instant motions to dismiss such that the Court reviews its prior analysis in assessing Plaintiffs' current claims.  For the reasons set forth below, the Court concludes that Plaintiffs' Amended Complaint fails to state plausible procedural due process claims.

### a. Repeated and Conclusory Factual Allegations

First, Plaintiffs' Amended Complaint, although filed after the Court's December 2021 Order denying the Plaintiffs' motion for

18

a preliminary injunction, adds very few new facts to the complaint before the Court in its December 2021 Order denying a preliminary injunction. The Amended Complaint adds additional Plaintiffs and the DC37 Defendants, and provides updates as to each Plaintiff's vaccination status and the status of seventy-seven of the Plaintiffs' reasonable accommodation requests. (ECF No. 27, Amended Compl. at ¶¶ 92-93, 144-50.) Unlike the original complaint, however, the Amended Complaint acknowledges that "[a]s part of [the City's] implementation of the Vaccine Mandate," the City "offered those FDNY employees who have either a medical or religious reasons for not taking a vaccine an opportunity to seek a reasonable accommodation to exempt the employee from the Vaccine Mandate." (*Id.* at ¶ 144.) As noted previously, the Court also determines that the FDNY's October Memorandum describing accommodation procedures is "integral" to the Amended Complaint. *Nicosia*, 834 F.3d at 230.

The Amended Complaint also includes ostensibly new factual allegations regarding the DC37 Agreement to support Plaintiffs' claim that the DC37 Agreement violated Plaintiffs' due process rights. (*Id.* at §§ 129, 133-43.) Plaintiffs' allegations concerning the DC37 Defendants and the DC37 Agreement, however, are all legal conclusions devoid of specific facts: e.g., "DC37 conspired with [the City] by entering into an agreement . . . that violated the DC37 members-Plaintiffs' constitutional rights."

(*Id.* at ¶ 138.)   Courts are "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted).   Indeed, the only non-conclusory allegations in the Amended Complaint concerning the DC37 Agreement are the following: (1) "DC37 entered into an agreement . . . regarding the impact of the Vaccine Mandate, which provides that on or after December 1, 2021, [the City] may unilaterally separate DC37 members from their employment with the FDNY if the members have not obtained a COVID-19 vaccine"; and (2) "DC37's Agreement with [the City] authorized [the City] to suspend without pay the members of DC37 who did not take a COVID vaccine."   (ECF No. 27, Amended Compl. at ¶¶ 133, 134.)

Therefore, the factual allegations currently before the Court, although less than the full evidentiary record before the Court in its December 2021 Order denying the motion for a preliminary injunction, contain no new, non-conclusory factual allegations that would upend the Court's prior legal analysis.

### a. Repeated Claims

Second, Plaintiffs' Amended Complaint asserts primarily the same causes of action as the original complaint and which this Court considered in the December 2021 Order.   In addition to the "causes of action" for declaratory judgments and injunctive relief, discussed above, Plaintiffs now assert a § 1983 claim

20

against Defendants for violating their procedural due process rights; a § 1983 conspiracy claim against Defendants for conspiring to violate their procedural due process rights; and a § 1983 claim against individual Defendants Nigro, Garrido, and John and Janes Does based on "direct participation and aiding and abetting" the City's violation of Plaintiffs' due process rights. (ECF No. 27, Amended Compl. at ¶¶ 197-245.) The only new claim in the Amended Complaint is the § 1983 conspiracy claim. The underlying constitutional violation alleged in each cause of action is that Defendants violated Plaintiffs' due process rights by suspending Plaintiffs without pay if they refused to comply with the Vaccine Mandate. (*Id.*) Therefore, Plaintiffs' instant claims raise issues identical issues to the claims addressed and decided by the Court in denying the preliminary injunction. (ECF No. 24, December 2021 Order at 10-20.)

Furthermore, because Plaintiffs sought both a prohibitory and mandatory injunction in their motion for a preliminary injunction, the Court previously reviewed Plaintiffs' legal arguments under the higher pleading standard for a mandatory injunction. The Court found that Plaintiffs failed to satisfy the standard for a mandatory injunction by demonstrating a "clear" or "substantial" likelihood of success on the merits of their procedural due process claims, rather than merely a likelihood of success. (*See* ECF No. 5-8, Plaintiffs' Preliminary Injunction Memorandum at 4); *see also*

*Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (plaintiffs seeking a mandatory injunction must meet higher standard and must show a "clear" or "substantial" likelihood of success on the merits); *D.D. ex rel. V.D. v. N.Y.C. Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (where the injunctive relief sought is a mandatory injunction, or an injunction that "alters the status quo by commanding a positive act," the movant must meet the higher standard of "mak[ing] a clear or substantial showing of a likelihood of success on the merits.").

Having reviewed Plaintiffs' procedural due process allegations at length—and now examining any well-pleaded factual allegations in the Amended Complaint, exhibits, and incorporated or integral documents—the Court concludes on the merits that "the pre-deprivation and post-deprivation processes afforded to Plaintiffs were constitutionally adequate," and, therefore, Plaintiffs' Amended Complaint fails to state a claim and must be dismissed. (ECF No. 24, December 2021 Order, at 16). Plaintiffs received ample pre-deprivation notice of procedures regarding the Vaccine Mandate, via the FDNY's October Memorandum informing FDNY employees about (1) the COH order; (2) the requirement to submit proof of vaccination by October 29, 2021; (3) the ability to seek reasonable accommodation and be exempted from the Vaccine Mandate by October 27, 2021; and (4) the placement of non-compliant employees on [leave without pay] status if they failed to comply

22

with the COH Order and did not submit an accommodation request by
the October 27 deadline.  (ECF No. 17-1, October 21, 2021
Memorandum ("Oct. Mem.") at 4, 15; ECF No. 27, Amended Compl. at
¶ 144.)

Further, accepting all well-pleaded factual allegations as
true for purposes of Defendants' motions to dismiss, Plaintiffs
were provided with an opportunity to be heard prior to a final
decision.  The opportunity to respond need not be a formal hearing.
*Ezekwo,* 940 F.2d at 786.  Here, as acknowledged in the Amended
Complaint, any FDNY employee who challenged whether the Vaccine
Mandate should apply to them had the opportunity to seek a
religious or medical accommodation through an exemption to the
Vaccine Mandate.  (ECF No. 27, Amended Compl. at ¶ 144.)  Indeed,
the COH Order itself stated, in plain language, that it should not
be "construed to prohibit any reasonable accommodation otherwise
required by law."  (ECF 27. 125-1, Ex. A.)  And any FDNY employees
who submitted reasonable accommodation requests before the October
27, 2021 deadline were *not* suspended without pay: only employees
who sought reasonable accommodation after October 27, 2021 were
placed on leave without pay while awaiting a reasonable
accommodation decision.  (ECF No. 17-1, Oct. Mem. at 4, 16-17, 24-
25.)  In addition to the above process, DC37 Plaintiffs had access
to additional time to seek an accommodation beyond the October 27

deadline—through November 5, 2021—as a result of the DC37 Agreement. (ECF No. 62-1, Corrected Exhibit B, at 2.)

The Court finds that the post-deprivation procedures were constitutionally adequate. The City required that any denial of a reasonable accommodation request "must provide written information to the employee whose request has been denied and include a link to . . . [the City's] online appeals request portal." (ECF No. 17-4, Oct. Mem. at 25.) Any employee who was denied a reasonable accommodation could file an appeal within three days. (*Id.*) If an appeal was denied, the employee was required to submit proof of the first dose of a COVID-19 vaccine within three business days and, if required, of the second dose within 45 days. (*Id.*) If the employee refused to be vaccinated within the given timeframe after the appeal was denied, the employee would remain on LWOP status. (*Id.*) Finally, Plaintiffs had other post-deprivation avenues, such as an Article 78 proceeding, to address the COH Order and subsequent consequences. *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 881 ("[A]n Article 78 proceeding is a perfectly adequate post-deprivation remedy."). Accordingly, the Court concludes, on the merits, that Defendants provided constitutionally sufficient pre-deprivation and post-

deprivation process, and that Plaintiffs fail to state a procedural due process claim.

### a. Intervening Law

Moreover, although the Court decides the instant motions to dismiss on the basis of Plaintiffs' Amended Complaint and attached and integral exhibits, the Court notes that there has been no change in intervening law since the Court's December 2021 Order finding that Plaintiffs procedural due process rights were not violated, despite a substantial amount of litigation concerning the Vaccine Mandate.[8]  *See, e.g.*, *Marciano v. de Blasio*, 589 F. Supp. 3d 423, 436 (E.D.N.Y. Mar. 8, 2022) (plaintiff received

---

[8] The Court's procedural due process findings are not based on the process required by state or municipal statutes.  Moreover, there has not been a substantial change in intervening law concerning this Court's finding that the Vaccine Mandate was a condition of employment.  *See Andre-Rodney v. Hochul*, No. 21-cv-1053 (BKS)(CFH), 2022 WL 3027094 (N.D.N.Y. Aug. 1, 2022) (vaccine was condition of employment for healthcare workers); *D'Cunha v. Northwell Health Sys.*, No. 22-cv-0988 (MKV), 2023 WL 2266520 (S.D.N.Y. Feb. 28, 2023) (same); *Commey*, 2022 WL 3286548 (finding vaccination to be condition of employment for porter); *Kane*, 2022 WL 3701183 (vaccine was condition of employment); *Marciano*, 589 F. Supp. 3d at 436 (same).  Although—as Plaintiffs noted in their third request to supplement their memorandum of law in opposition to Defendants' motions to dismiss (ECF No. 81)—one New York Supreme Court judge has found that the Vaccine Mandate was not a condition of employment, nearly all other New York state courts to address the issue have found that the Vaccine Mandate was a condition of employment.  *Compare Garvey v. City of New York*, 77 Misc. 3d 585 (N.Y. Sup. Ct., Richmond Cnty., Oct. 24, 2022) (finding mandate was not a condition of employment), *with Clarke v. Bd. of Educ. of City School*, No. 160787/21, 2023 WL 2124546 (N.Y. App. Div. 1st Dep't, Feb. 21, 2023) (finding mandate was a condition of employment); *N.Y.C. Mun. Labor Comm. v. City of N.Y.*, 2022 NY Slip Op. 22121 (Apr. 21, 2022 N. Y. Sup. Ct.) (same); *O'Reilly v. Bd. of Educ. of City School District of City of New York*, No. 16104/21, 2023 WL 2124731, at *1 (N.Y. 1st Dep't, Feb. 21, 2023) (same).  Plaintiffs argued in their first and second requests to amend their briefing that another New York Supreme Court judge and the OCB have found that although the Vaccine Mandate *could* be a condition of employment, it was improperly imposed under municipal law.  (ECF Nos. 77, 79.)  As discussed extensively below, however, the Court bases its procedural due process finding on constitutional standards, not on state or municipal standards.

constitutionally sufficient minimum process for NYPD vaccine policy); *Kane v. de Blasio*, No. 21-cv-7863 (NRB), 2022 WL 3701183, at *12 (S.D.N.Y. Aug. 26, 2022)(constitutionally sufficient minimum process was provided for DOE workers); *cf. Donohue v. Hochul*, No. 21-CV-8463 (JPO), 2022 WL 673636, at *7 (S.D.N.Y. Mar. 7, 2022) (public-school mask mandate did not implicate procedural due process concerns); *Commey v. Adams*, No. 22-CV-0018 (RA), 2022 WL 3286548, at *6 (S.D.N.Y. Aug. 11, 2022) (no procedural due process concerns because mandate was legislative in nature); *Collins v. City Univ. of New York*, No. 21-cv-9544 (NRB), 2023 WL 1818547, at *10 (S.D.N.Y. Feb. 8, 2023) (same); *Mongielo v. Hochul*, No. 22-CV-116-LJV, 2023 WL 2307887, at *17 (W.D.N.Y. Mar. 1, 2023) (same).

### III. Plaintiffs' Opposition to the Motion to Dismiss

In their opposition to Defendants' motions to dismiss, Plaintiffs' central argument is that, contrary to the findings in the Court's December 2021 Order, the Vaccine Mandate was not a condition of employment, and thus Defendants' COH Order suspending Plaintiffs without pay violated Plaintiffs' procedural due process rights.[9] (ECF No. 73, Plaintiffs' Mem. at 12-13, 19-21.) In

---

[9] Plaintiffs also argue that Defendants violated New York City Charter Section 487(a) when the FDNY issued the October Memorandum concerning the City's newly imposed Vaccine Mandate. (ECF No. 73, Plaintiffs' Mem. at 9.) New Yokr City Charter Section 487(a) provides that the FDNY Commissioner "shall have sole and exclusive power and perform all duties for the government, discipline, management, maintenance and direction of the fire department and the premises and property in the custody thereof." N.Y.C. Charter § 487(a). Plaintiffs argue, circularly, that because the Chief of Operations of the FDNY John

their opposition, Plaintiffs assert several arguments in support
of their claim that the Vaccine Mandate was not a condition of
employment: they first contend that because City Defendants failed
to negotiate and bargain with FDNY unions concerning the new
condition of employment, which Plaintiffs contend is required
under New York Civil Service Law Section 201.4, the Vaccine Mandate
was invalidly imposed. (*Id.* at 12.) Plaintiffs also argue that,
even though the FDNY *did* bargain and negotiate with DC37 concerning
the Vaccine Mandate, the resulting DC37 Agreement was never
ratified by DC37's union members. (*Id.* at 14-16.) Plaintiffs
assert that under New York City Admin. Code Section 12-307(a)(4),
the DC37 Agreement could not amend the existing procedures of
DC37's collective bargaining agreement without ratification by its
members. (*Id.* at 14-16.) They contend that the DC37 Agreement
was invalid, meaning that the Vaccine Mandate could not become a
condition of employment as to the DC37 member-Plaintiffs. (*Id.*)
In other words, Plaintiffs premise their due process claims on the

---

Hodgens, rather than FDNY Commissioner Nigro, circulated the FDNY's October
Memorandum alerting FDNY employees as to City's newly imposed Vaccine Mandate,
the Vaccine Mandate was issued in violation of § 487(a) and was invalid. (ECF
No. 73, Plaintiffs' Mem. at 9-10.) Plaintiffs confuse the Vaccine Mandate (the
City's vaccine requirement); the COH Order (the order from the Commissioner of
Health imposing the Vaccine Mandate); and the FDNY's October Memorandum (the
memorandum informing FDNY employees about the Vaccine Mandate. (*See* ECF NO.
17-1.) Plaintiffs' argument is frivolous on its face, as the logical inference
that Plaintiffs urge the Court to draw is that the FDNY Commissioner's name
must be on every memorandum issued to FDNY employees or the memorandum will
violate § 487(a). (*Id.*; ECF No. 73, Plaintiffs' Mem. at 9.) In any case,
because the Court looks to "federal constitutional standards rather than state
[or local] statutes" to define the requirements of procedural due process, as
discussed above, Plaintiffs' argument is meritless. *Robison*, 821 F.2d at 923.

assertion that (1) Defendants failed to follow state and municipal procedural requirements in imposing the Vaccine Mandate; (2) the Vaccine Mandate therefore was not a condition of employment; (3) if the Vaccine Mandate is not a condition of employment, the COH Order is invalid; and thus (4) Defendants' suspension of Plaintiffs without pay violated Plaintiffs' procedural due process.  (*Id.* at 12-16.)

As the Court has repeatedly stated, however, "the Court looks to federal constitutional standards rather than state statutes to define the requirements of procedural due process."  (ECF No. 24, December 2021 Order, at 10-11 (citing *Robison*, 821 F.2d at 923).)  Courts repeatedly have held that state statutes do not determine constitutional due process requirements.  *See, e.g.*, *Loudermill*, 470 U.S. at 541 ("In short, once it is determined that the Due Process Clause applies, the question remains what process is due. . . . The answer to that question is not to be found in the [state] statute."); *Russell v. Coughlin*, 910 F.2d 75, 78 n.1 (2d Cir. 1990) ("[T]he fact that the State may have specified its own procedures that it may deem adequate for determining the preconditions to adverse official action . . . does not settle what protection the federal due process clause requires." (internal quotation marks omitted)); *cf. Liberian Cmty. Ass'n of Connecticut v. Lamont*, 970 F.3d 174, 192 (2d Cir. 2020) ("[C]ases from both the Supreme Court and our Court make clear that the federal procedural due process

28

guarantee does *not* require state officials to inform individuals of all the procedural guarantees they enjoy under state law."). Indeed, the Second Circuit recently reiterated that a district court failed to properly assess whether a defendant's conduct violated the procedural guarantees of the Due Process Clause where the court examined the due process claim exclusively by assessing a defendant's failure to comply with state law. *See Tooly v. Schwaller*, 919 F.3d 165, 172-73 (2d Cir. 2019) ("[V]iolation of state law does not *per se* result in a violation of the Due Process Clause").

Thus, to the extent that Plaintiffs base their procedural due process claims solely on alleged violations of state and municipal law, as noted above, their claims fail. *See McDarby v. Dinkins*, 907 F.2d 1334, 1337–38 (2d Cir. 1990) ("When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations."); *Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir.1987) ("State procedural requirements do not establish federal constitutional rights. At most, any violation of state procedural requirements would create liability under state law." (citations omitted)). Plaintiffs provide no facts or law supporting a contrary argument, and Plaintiffs cannot add news facts at this stage. As discussed above, Plaintiffs conclusorily argue that

29

they were suspended without due process.  (ECF No. 73, Plaintiffs'
Mem. at 20 ("If the Vaccine Mandate is not a condition of
employment for FDNY employees, then, the City Defendants had no
legal right or authority to suspend the Plaintiffs without pay
without due process.").)  The allegations in the Amended Complaint—
establishing that Defendants provided notice and an opportunity to
seek accommodations via exemptions—satisfy due process.
Accordingly, because the Court has found that there was
constitutionally sufficient process, Plaintiffs' procedural due
process claims—the § 1983 claim against all Defendants and the §
1983 claim for "direct participation and aiding and abetting"
against individual Defendants—are dismissed for failure to state
a claim.

### IV.  Other Causes of Action

#### a. Section 1983 Conspiracy

Having dismissed Plaintiffs' claim that Defendants violated
their due process rights, the Court also finds that Plaintiffs'
allegations are insufficient to state a plausible § 1983 conspiracy
claim against Defendants.  "To state a § 1983 conspiracy claim, a
plaintiff must allege (1) an agreement between two or more state
actors, (2) 'to act in concert to inflict unconstitutional injury,'
and (3) 'an overt act done in furtherance of that goal causing
damages.'" *Barnes v. Abdullah*, No. 11-CV-8168, 2013 WL 3816586,
at *9 (S.D.N.Y. July 22, 2013) (quoting *Ciambriello*, 292 F.3d at

324–25); *Sibiski v. Cuomo*, No. 08–CV–3376, 2010 WL 3984706, at *6 (E.D.N.Y. Sept. 15, 2010) (citing same). Notably, "[v]ague and conclusory allegations that defendants have engaged in a conspiracy to violate plaintiff's constitutional rights must be dismissed." *Poole v. New York*, No. 11–CV–921, 2012 WL 727206, at *6 (E.D.N.Y. Mar. 6, 2012); *see also Krug v. McNally*, 368 F. App'x 269, 270 (2d Cir. 2010) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." (alteration in original) (internal quotation marks omitted)). Plaintiff "must allege . . . overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy." *Elmasri v. England*, 111 F. Supp. 2d 212, 218 (E.D.N.Y. 2000) (internal quotation marks omitted.)

Plaintiffs fail to state a § 1983 conspiracy claim. As detailed above, Plaintiffs fail to state an underlying procedural due process claim. Therefore, Plaintiffs' § 1983 conspiracy claim fails as a matter of law. *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (a § 1983 conspiracy claim "will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right"); *see also AK*

*Tournament Play, Inc. v. Town of Wallkill*, No. 09-CV-10579, 2011
WL 197216, at *4 (S.D.N.Y. Jan. 19, 2011) ("Plaintiffs' § 1983
conspiracy claims against all Defendants must be dismissed because
Plaintiffs have failed to allege any violation of any cognizable
constitutional right."), *aff'd*, 444 F. App'x 475 (2d Cir. 2011)
(summary order); *Mitchell v. Cnty. of Nassau*, 786 F. Supp. 2d 545,
564 (E.D.N.Y. Mar. 24, 2011) ("[A] § 1983 conspiracy claim fails
as a matter of law where there is no underlying constitutional
violation.").

Additionally, Plaintiffs do not proffer any nonconclusory
facts regarding the nature of the conspiracy, Defendants'
membership in the conspiracy, or the overt steps taken by any of
the Defendants in furtherance of that conspiracy. Apart from
"diffuse and expansive allegations" that are not "amplified by
specific instances of misconduct," *Krug*, 368 F. App'x at 270
(internal quotation marks omitted), the Amended Complaint is
bereft of any facts sufficient to give rise to a plausible § 1983
conspiracy claim. In fact, the Amended Complaint merely refers to
a conspiracy based on Plaintiffs' vague and conclusory assertions
that "[DC37 Defendants] conspired with [City Defendants] by
entering into an agreement with [the City] that violated the DC3
7 members-Plaintiffs' constitutional rights" and "[a]s a result of
the conspiracy between [DC37 Defendants] and [City Defendants],
the DC37 members-Plaintiffs' constitutional rights have been

32

violated."   (ECF No. 27, Amended Compl. ¶¶ 134-143, 216-239.)
Plaintiffs' bald allegations, however, do not give rise to a
plausible inference that Defendants acted in concert to violate
Plaintiffs' constitutional rights.   The allegations "constitute
the type of vague, conclusory, and general allegations that,
standing alone, are routinely found lacking under Rule 12(b)(6)."
*Orr ex rel. Orr v. Miller Place Union Free Sch. Dist.*, No. 07-CV-
787, 2008 WL 2716787, at *5 (E.D.N.Y. July 9, 2008) (internal
quotation marks omitted).   Accordingly, Plaintiffs' § 1983
conspiracy claim is dismissed for failure to state a claim.

> **a. Class Claim**

Because Plaintiffs fail to state a claim, their class
allegations also fail.   *Cf. Xuedan Wang v. Hearst Corp.*, No. 12-
CV-793 (HB), 2013 WL 105784, at *3 (S.D.N.Y. Jan. 9, 2013) (noting
that where court dismissed a claim under Rule 12(c), motion to
strike class allegations could be granted as to that claim.)

> **V.   Leave to Amend**

Under Federal Rule of Civil Procedure 15(a), leave to amend
a complaint "shall be freely given when justice so
requires."   Therefore, "[i]t is the usual practice upon granting
a motion to dismiss to allow leave to replead."   *Cortec Indus.,
Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (citations
omitted).   A court may, however, dismiss claims without leave to
amend where the proposed amendments would be futile.   *See Ruotolo*

*v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 381 U.S. 178, 182 (1962)). An amendment to the complaint is futile if the "proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. Of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002), abrogated on other grounds by *Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019). Leave to amend may also be denied where previous amendments have not cured the complaint's deficiencies. *Ruotolo*, 514 F.3d at 184 (citing *Foman*, 381 U.S. at 182); *see also DeJesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim." (collecting cases)).

Here, after extensive briefing, evidentiary submissions, and a show cause hearing, the Court allowed Plaintiffs an opportunity to amend their complaint. (ECF No. 24, December 2021 Order at 8; ECF No. 27, Amended Compl.) Despite the Court's detailed analysis of Plaintiffs' factual allegations and claims in its December 2021 Order, Plaintiffs have again failed to allege facts supporting their claims. Under these circumstances, and because further amendments to the complaint would not cure the deficiencies discussed in this opinion, any amendment would be futile. Therefore, Plaintiffs' complaint is dismissed with prejudice. *See, e.g., Ariel (UK) Ltd. v. Reuters Grp., PLC*, 277

F. App'x 43, 45-46 (2d Cir. 2008) (summary order) (stating that the district court did not abuse its discretion in not *sua sponte* granting leave to amend following dismissal of the complaint where plaintiff "had already amended its complaint once, and any amendment would have been futile").

<u>**CONCLUSION**</u>

For the reasons set forth above, City Defendants' Motion to Dismiss and DC37 Defendants' Motion to Dismiss are GRANTED in their entirety and leave to amend is DENIED. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and close this case.


**SO ORDERED.**

Dated:      March 29, 2023
            Brooklyn, New York

                                    _____
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge